## REID & CO. v. DICKINSON.

**Attorney**: PRESUMPTION AS TO AUTHORITY. An attorney agreed to receive a sum of money and certain collaterals, less than the face of a judgment, in its satisfaction. *Held*, after a lapse of more than ten years, and without any demand being made by the judgment plaintiff, or any steps taken to collect the judgment, that it would be presumed that the attorney had authority to so act, or that plaintiff had ratified the same.

*Appeal from Scott District Court.*

FRIDAY, JUNE 20.

ON the 9th day of May, 1872, the defendant filed in the Scott district court a motion for an order directing the clerk of said court to recall an execution issued against defendant in the cause of *Geo. W. Reid & Co.* v. *R. S. Dickinson.*

In support of this motion the defendant filed his affidavit stating in substance that in the spring of 1857 he was indebted to George W. Reid & Co., and that the claim was sent to the banking-house of Hill, Allen & Co. for collection, to whom he paid a small amount, and that he executed a new note for the balance, dated September 10, 1858, payable in one year. That when said note became due he placed in the hands of Hill, Allen & Co. collateral security therefor, upon which they collected divers sums, the amount of which he is unable to state.

That in 1857 the note and the collaterals were placed in the hands of Willard T. Clark for collection; that he made collections on the collaterals, the amount of which the defendant is unable to state, and that in 1861, as the attorney of plaintiff, he procured judgment to be rendered on said note for $223.60.

That at the time of the rendition of the judgment Clark had in his hands collaterals to said claim, and that he collected divers amounts thereon during the pendency of said suit.

That about the 15th of November, 1861, defendant. had a final settlement with said Clark of the 'amount due on said judgment as well as on two other judgments, and that it was agreed that the payment of $250 should be in full settlement of the three claims; and that in pursuance of said agreement he paid Clark on said day $200, and about the 15th of December the further sum of $40. That he is informed that Clark was the attorney of Geo. W. Reid & Co., and had full authority to collect and satisfy said judgment or to compromise the same, and that about the time of the payment of the $240 Clark entered the army and left the State of Iowa, and that he neglected to cancel the judgment.

Affiant further states that he is informed and believes that Geo. W. Reid & Co. were, shortly after the said settlement was made, to wit, in the winter of 1862, informed of the same, and that they have never disavowed the authority of Clark to make the same, and to collect and cancel said judgment, and that Reid & Co., although long since notified of Clark's doings in the premises, have never asked and demanded any further payments on account of said claim, and that in April, 1872, J. N. Crawford, assuming to act as attorney for Reid & Co., caused the clerk of the district court of Scott county to issue an execution to the sheriff of Clinton county, commanding him to collect the full amount of said judgment.

Attached to this affidavit is an exhibit, as follows:

"Received of Dr. R. S. Dickinson $200 in cash, and one note against Peter Goddard for $46.40, which, on collection of said note to the amount of $40, is to be left in the hands of

Stewart & Armstrong, making in all $240, which I agree to take in full of all claims in my hands against said Dickinson. On the payment aforesaid I am to deliver to said Dickinson all collaterals in my hands, except a judgment against one Fred. Wies. The balance of which I am to hand over to the said Dickinson, after deducting expenses already incurred therein.

" WILLIAM T. CLARK."

The affidavit of James Armstrong was also filed, showing that in December, 1861, the sum of $40 was paid to Stewart & Armstrong on the Peter Goddard note, and was by them paid to William T. Clark.

The court, considering the showing of defendant insufficient to authorize a satisfaction of the judgment, declined to give plaintiffs time to procure and file counter affidavits, and directed that the sum of $240 be credited on the several judgments in proportion to their respective amounts, and thereupon overruled the motion.

Defendant appeals.

*Stewart & Armstrong* for the appellant.

*J. N. Crawford* and *J. D. Campbell* for the appellees.

DAY, J. — We do not stop to consider whether an attorney, simply as such, can, under section 2706 of the Revision, enter satisfaction of a judgment which will be binding upon his client, upon payment of less than its face. In the view which we take of this case, a determination of this question is unnecessary. The judgment against defendant was rendered, as shown by the affidavit, in June, 1861. In November, 1861, the settlement referred to was made between defendant and Wm. T. Clark, the attorney of plaintiffs. The execution sought to be recalled did not come to the hands of the sheriff until April 24, 1872, almost eleven years after the judgment was rendered, and more than ten years after the alleged settlement was made. In the meantime no further payments have been demanded upon

the judgment, and no effort to collect it has been made. In view of all these facts, in connection with the known promptness with which business men usually assert their claims to whatever is their due, we think it is a legitimate inference that Clark had authority from plaintiffs to settle in the manner indicated, or that they were informed of his acts, and by their long silence adopted and ratified them, and that the court erred in holding that the facts stated, unexplained, were insufficient to authorize a satisfaction of the judgment, and, of consequence, erred in refusing to give plaintiffs time to procure and file affidavits contradicting the facts set up by defendant.

The cause is, therefore, reversed and remanded with leave to the plaintiffs to procure and file counter affidavits, if they shall be so advised.

Reversed.