## BOND v. EPLEY.

1. **Judgment**: VACATION OF. Proceedings to vacate a judgment for fraud practiced by the successful party, and unavoidable casualty and misfortune preventing a defense, must be commenced within one year from the date of the judgment, and notice thereof must be served upon the successful party, or his attorney, within that time.

2. ———: ———: EQUITABLE JURISDICTION. A court of equity will grant a new trial in an action at law, after the time for applying for relief under section 3157 of the Code has elapsed, only when proper reasons are shown for the application. Where a party was advised that the judgment had been obtained and then delayed nearly a year before making the application, when the time allowed by statute therefor had elapsed, it was *held* that he was not entitled to equitable relief.

3. ———: ———: NOTICE. A notice of the commencement of the action served upon the wife of defendant, who was out of the State, and duly published in a weekly newspaper, summoning the defendant to appear at the time specified in the District Court of Linn county, was held sufficient as to place, and gave the court jurisdiction to render a judgment *in rem* against the attached property.

4. ———: ———: APPEARANCE. Where an attorney appears for an absent defendant, and the latter, in a proceeding to vacate the judgment, alleges that the appearance was unauthorized, he has the burden to establish the fact by a preponderance of testimony.

*Appeal from Linn District Court.*

MONDAY, JUNE 10.

ON the 20th day of October, 1874, Bond recovered judgment against Epley upon two promissory notes for six thousand three hundred and fifty-two dollars and fifteen cents, and costs, with an order for special execution against attached property, the judgment to draw interest at the rate of eighteen per cent. On the 6th day of October, 1875, the defendant served notice on Hubbard & Deacon, the attorneys of record for the plaintiff, of an application of the defendant for vacation of the judgment, on account of unavoidable casualty and

misfortune. On the 13th day of October, 1875, the defendant filed his petition asking the court to vacate the said judgment on account of unavoidable casualty and misfortune, and fraud on the part of the plaintiff in procuring the same. On the 22d day of October, 1875, the defendant filed his amended and substituted petition for the vacation of said judgment, alleging that the judgment was obtained by the fraud of the plaintiff; that the defendant was unable to defend the action on account of unavoidable casualty and misfortune; and that he has a good and meritorious defense. Notice of this petition was served on plaintiff on the 22d day of January, 1876.

On the 1st day of March, 1876, the defendant filed an amendment to his petition, alleging, as an additional ground for the vacating of the judgment, that the court had no jurisdiction of the cause of action, because the notice left at the house of the defendant, in the city of Denver, Territory of Colorado, was not sufficient in law, and did not comply with the requirements of the law in order to bring defendant into court and hold him to answer.

On the 5th day of April, 1876, the court made the following order in the premises: "And now, on this day, April 5, 1876, this cause comes up for hearing on the motion of the defendant to set aside and open up the judgment heretofore, to-wit: October 20, 1874, rendered against said defendant, J. J. Epley, and in favor of the plaintiff, H. G. Bond—I. N. Whittam and R. H. Gilmore appearing for the defendant —and the court, having heard the arguments of the counsel for the defendant, overrules the motion on the ground that the proceedings under said motion were not commenced in time. Defendant has leave to amend petition for new trial. Cause transferred to the equity side of the docket and continued."

On the 27th day of April, 1876, the defendant filed his amended petition in equity for the vacation of the judgment. This petition in substance alleges that the action was com-

menced on the 25th day of May, 1874, and judgment was! rendered in the Linn District Court on the 20th day of October, 1874, for six thousand three hundred and fifty-two dollars and! fifteen cents, with interest at the illegal rate of eighteen per cent; that defendant was a resident and citizen of the Territory of Colorado, and was not in court by person or attorney when the judgment was rendered; that the plaintiff fraudulently delayed the service of notice, and on the 10th day of September caused the first publication of notice, and on the 14th day of September caused notice of the suit to be left with defendant's wife in the city of Denver, when plaintiff knew defendant was absent from home, distant four hundred miles, across three ranges of the Rocky Mountains, beyond the reach of public mails or any public conveyance, and distant, as computed by time from Denver, twenty-five or thirty days, and that service of notice was so delayed with the design of preventing the defendant from appearing and defending the action; that defendant, because of his great distance from communication, did not know of the pendency of the suit until the 14th day of November, 1874, and thus, by unavoidable casualty and misfortune, was prevented from defending. The petition further alleges in detail the grounds of defendant's defense to the plaintiff's cause of action. The plaintiff's answer to this petition, in substance, admits the allegation as to the judgment drawing interest at eighteen per cent; alleges that it was so entered by mistake, and consents that it be so amended as to draw interest at ten per cent; admits the residence of defendant in Colorado; that he was absent from home as alleged when notice was served, and that at the time of the entry of judgment he was not in court by person or attorney. The answer denies the other material allegations of the petition.

On the 21st of March, 1877, the cause was referred, the referee to make up and try issues of law and fact. On the 4th of May, 1877, the plaintiff filed an amendment to his answer, withdrawing the admission that, at the time judgment

was entered, defendant was not in court in person or by attorney, and averring that defendant was present by attorney at that time. The defendant replied to this amendment as follows: "After the attachment proceedings, and the garnishment of Elihu Baker for over $900, I. N. Whittam, attorney at law at Cedar Rapids, without any authority from defendant, appeared in this cause, and signed a stipulation, which was filed and entered in the appearance docket, before the judgment was obtained. The appearance was wholly unauthorized; the defendant did not know of such appearance until a long time after the judgment had been entered for the plaintiff. The defendant never ratified or confirmed in any way the said act of Whittam, and the said Whittam did not cause his name to be entered as attorney for said defendant in said action, before the judgment entry, except as hereinbefore stated; that he was not present in court, either personally or by attorney, at the time of the entry of said judgment; that said judgment was by default; that he had not been served with process, personally or by publication, as provided by law, and that he did not know that such an action had been commenced against him, or the nature of such action, until long after the judgment had been entered."

The cause came on for hearing August 14, 1877, and on the 10th of November the referee filed his report, finding as a matter of law that there is no equity in defendant's petition, and that it should be dismissed, and that plaintiff's judgment should be so modified as to draw interest at ten per cent. Decree was entered in accordance with this report. Defendant appeals.

*R. H. Gilmore,* for appellant.

*Hubbard, Clark & Deacon,* for appellee.

DAY, J.—I. Proceedings to vacate a judgment for fraud practiced by the successful party, and unavoidable casualty or misfortune preventing the party from defending, must be by

petition verified by affidavit, and must be commenced within one year after the judgment or order was made. Code, §§ 3154 and 3157. The judgment in this case was entered on the 20th day of October, 1874. The original petition for the vacation of the judgment was filed October 13, 1875, seven days before, and the amended and substituted petition was filed October 22, 1875, two days after the expiration of the year from the rendition of the judgment. Notice of the application was not served upon the plaintiff until January 26, 1876, more than fifteen months after the judgment was rendered. The court overruled the application upon the ground that the proceedings were not commenced in time. This ruling was, we think, correct under the statute. But, whether correct or not, it cannot now be reviewed. No exception was taken to the ruling, but the cause was transferred to the equity docket, and twenty-two days thereafter the defendant filed an amended petition in equity, seeking relief upon equitable grounds. The defendant's right to relief must be determined by the case made in this equitable proceeding.

II. The petition in equity was filed a little more than eighteen months after the rendition of the judgment. The facts relied upon for relief are the same as those stated in the substituted petition of October 22, 1875, namely, fraud of plaintiff in delaying service of notice till defendant was beyond communication, and unavoidable casualty preventing him from defending, in that he did not know that the suit was commenced until after judgment was rendered. Not a fact is stated which was not known to defendant, from his own showing, as early as November 14, 1874, less than one month after the judgment was rendered. The case is simply this: The defendant, having neglected to make his application at law for relief within the time allowed by statute, resorts to a court of equity for relief, without furnishing any excuse whatever for the delay, or showing that a single fact has come to his knowledge which was not known to him in time to have made his application under the statute, within the year. Under

Bond v. Epley.

these circumstances equity will not grant relief. A court of equity will grant a new trial in an action at law, after the time for applying for relief under section 3157 of the Code has elapsed, only when proper reasons are shown for the application. *District Township of Newton v. White*, 42 Iowa, 608; *Bowen v. Troy Portable Mill Company*, 31 Id., 460; *Partridge v. Harrow*, 27 Id., 96; *Hoskins v. Hattenback*, 14 Id., 314.

It is claimed that the court had no jurisdiction to render the judgment. If this be true the defendant should be relieved 3. ——: ——: against it, notwithstanding the delay in making notice. the application. The notice, a copy of which was served upon the wife of the defendant Epley, and which was duly published in a weekly newspaper, is as follows: "You are hereby notified that on or before the 1st day of June, A. D. 1874, there will be on file in the office of the clerk of the District Court of Linn county, Iowa, the petition of the plaintiff aforesaid, claiming of you the sum of five thousand three hundred and forty-four dollars and sixty-eight cents, as money justly due from you on two promissory notes, and interest thereon at one and one-half per cent from the 3d day of October, A. D. 1873, until paid, and that a writ of attachment issue to secure the same and costs of this suit. You are also notified that unless you appear thereto, and defend before noon of the second day of the term of said District Court of Linn county, to be held on the 19th day of October, A. D. 1874, a default will be entered against you, and judgment rendered thereon." This notice complies fully with the provisions of section 2599 of the code. It is almost an exact copy of the form for notice prescribed in section 2518 of the Code of 1851, with the addition that it named the term of court at which defendant is required to appear, as provided in sections 2599 of the Code of 1873, and 2812 of the Revision, which provision is not contained in section 1715 of the Code of 1851. The defendant claims that this notice is defective, in that it does not inform the defendant of the *place where* he must appear and defend the action. Reliance is placed upon the case of

*Kitsmiller v. Kitchen*, 24 Iowa, 163. In that case the notice concluded after making a statement of what the petition claimed, and did not notify the defendant that he was required to appear and defend anywhere, or at any time. It is with reference to this state of facts that the court say that "the failure of the original notice to inform the defendant as to the place where, and the time when, he must appear and defend the action, was a substantial and fatal defect." In this case both time and place are stated. The time is the 19th day of October, 1874; the place is the District Court of Linn county. The case of *Kitsmiller v. Kitchen* does not hold that the city or town in which the court is to be held must be stated, and the statute makes no such requirement. The notice was clearly sufficient to authorize a judgment *in rem* against the attached property.

IV. There is, however, another view of this case which is satisfactory, and which disposes of the claim made by defend-

4. ——: ——: ant in argument, that the judgment is a personal appearance. one, erroneously rendered, and that he is entitled to have the cause retried under section 2877 of the Code, which provides that defendants served by publication only, and who do not appear, may at any time within ten years after the rendition of the judgment, upon giving security for costs, be admitted to defend. The amended answer of the plaintiff alleges that the defendant was present by attorney when the judgment was rendered. The reply alleges that J. N. Whittam, attorney at law at Cedar Rapids, appeared in the cause, and signed a stipulation before the judgment was obtained, but that the appearance was wholly unauthorized. The fact of appearance being thus admitted, the burden is upon the defendant to establish that the appearance was unauthorized. Upon the trial the defendant offered an *ex parte* affidavit of J. N. Whittam, that he had no authority to appear for defendant, and did not intend to appear so as to bind him in the case. This affidavit was objected to because it was *ex parte*, and the plaintiff had no opportunity to cross-examine. The court

excluded the affidavit. This ruling was clearly correct. The only evidence respecting the employment of Whittam is the following in the cross-examination of Epley: "I don't think I told him (Green) I had made arrangements to have suit defended. I didn't understand what the nature of the case was at that time. I had made no arrangements in regard to the suit, and knew nothing of it. I may have said that Whittam had been attending to my business and might look after it for me. I knew Whittam, an attorney at Cedar Rapids. I have no recollection of either my wife or myself corresponding with him during that summer." If Epley had no arrangement whatever with Whittam which would authorize his appearance in the case, it seems incredible that he should not distinctly and unequivocally so state. Defendant's attorney excuses the indirectness of the testimony upon the ground that when the deposition was taken there was an admission in plaintiff's answer that the defendant did not appear by attorney, and there was, therefore, no necessity of proof upon the subject. But the amended answer, alleging that defendant did appear by attorney, was filed on the 4th day of May. The cause did not come on for hearing until the 14th day of August. The defendant might, in the meantime, have retaken the testimony of Epley, or, if the time was not sufficient for that purpose, he might have moved for a continuance upon that ground. We discover no sufficient reason for disturbing the judgment of the court below.

AFFIRMED.