ANTROBUS v. SHERMAN.

1. **Attorney at Law**: DELEGATION OF AUTHORITY TO ANOTHER ATTOR-
NEY: LIABILITY OF CLIENT FOR COSTS. Where one employs an attor-
ney to make a collection, and the attorney turns over the business to
another attorney, who makes costs in the attempt to collect the claim,
*held* that the client is not liable for such costs,—the attorney employed
by him having no power to delegate his authority to another.

FRIDAY, DECEMBER, 5.

*Appeal from Mills Circuit Court.*

UPON motion certain costs, made by the sheriff by the
service of notices in garnishment proceedings, were taxed
against plaintiff, and judgment therefor rendered accord-
ingly. Plaintiff appeals.

*A. M. Antrobus*, appellant, *pro se.*

*P. P. Kelley*, for appellee.

BECK, J.—I. The record discloses the following facts:
Plaintiff sent the note upon which judgment in this case
was rendered to Gregg, an attorney at law, for collection,
who prepared a petition and other papers required in the
commencement of a suit, and sent them to Hale, Stone &
Proudfit, attorneys residing in the same county with defend-
ant, with directions to file the papers and take other neces-
sary steps in order to institute the suit. At the request of
Gregg, these attorneys gave attention to the case, and finally
procured judgment. After judgment, Gregg directed them
to press the collection. They instituted garnishment pro-
ceedings, and costs thereon for sheriff's fees to the amount
of $116 were made. The purpose of the proceeding is to
recover these costs from plaintiff. It is shown that plaintiff
neither directed nor consented to the act of Gregg in trans-
ferring the case to Hale, Stone & Proudfit, and had no

knowledge thereof, or of the proceedings instituted by them, wherein the costs in controversy were made, and it is not claimed that he ratified their acts in any manner.

II.   Plaintiff now insists that he is not responsible for the acts of Hale, Stone & Proudfit in the case, and is not liable for the costs made under their directions; that Gregg had no authority to employ them for him; and that the acts done in the exercise of their discretion do not bind him.   A familiar and general rule of law applicable to the relation of principal and agent is, that the agent cannot delegate the authority conferred upon him to another, so that the principal will be bound by the acts done in the discretion of one to whom the agent attempts to delegate his authority.   The rule is based upon the consideration that to the agent is confided a personal trust and confidence which controlled his appointment or selection, and is essential to the existence of the relation of principal and agent.   We know of no rule excepting from the operation of this doctrine an attorney at law, whose duties, responsibilities and liabilities arise from the relation of agency existing between him and his client, though they are varied from those of other agents by consideration of the peculiar service he is required to perform. Indeed, it would appear, in view of the fact that attorneys are chosen by reason of their peculiar capacities and character, and other personal qualities, that the principles we have stated should be rigidly applied in cases of this kind. *Smalley v. Greene*, 52 Iowa, 241.   We conclude that plaintiff is not bound by the acts of Hale, Stone & Proudfit in making the costs for which he is charged by the judgment of the court below.   In support of this conclusion, see *Hoover v. Greenbaum*, 61 N. Y., 305; *Danly v. Crawl*, 28 Ark., 95.

III.   Another question discussed by counsel, involving the position taken by plaintiff, that a part of the claim is barred by the statute of limitations, need not be considered, as the conclusion we have announced is decisive of the case.

REVERSED.