## D. S. FEARING v. T. L. SHAFNER.

1. ATTACHMENT. *Garnishment. Extent of garnishee's liability.*
   Under ? 2442 of the Code of 1880, which requires a garnishee in attachment
   to "answer what he is indebted or was indebted to the defendant at the time
   of the summoning of such garnishee, or since that time. or what effects of
   said defendant he has in his hands or had at the time of such summons,
   or has had since," a garnishee is amenable to the plaintiff in attachment for
   any debt which he may owe the defendant, or for any effects in his hands
   belonging to the defendant at the time of the service of the garnishment or
   subsequently and up to, but not after, the day on which he is required by the
   statute to file his answer.

2. SAME. *Garnishment. Proceeds of sale of land in commissioner's hands.*
   Money deposited with a commissioner as the purchase-money of land sold by
   him, under an order of the chancery court, is not, until after confirmation
   of the sale and an order made for disbursement, subject to garnishment
   in an attachment suit against the person for whose benefit such sale
   was made, it being the money of the purchaser until after confirmation
   of the sale. *State, use, etc.,* v. *Cox et al., ante* 786.

3. SAME. *Contest for fund in hands of garnishee. One creditor attaching claim of
   another.*
   In a contest between two attaching creditors for a fund in the hands of a gar-
   nishee, where it appears that one has no right to subject the fund to his
   demand, irrespective of the claims of the other, the former cannot, by attack-
   ing the claim of the latter, defeat a recovery by him. *Jones* v. *Moody,* 59
   Miss. 327, cited.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

On the 22d of November, 1883, a writ of attachment was issued
at the suit of T. L. Shafner against George M. Klein, returnable
on the first Monday of February, 1884, to the Circuit Court of
Hinds County, upon a demand for five hundred dollars. On the
next day, this writ, which commanded the sheriff to "summon W.
T. Ratliff, Commissioner of the Chancery Court of Hinds County,
in the case of *L. A. Campbell et al.* v. *S. S. Shackelford et al.* to
answer as a garnishee," was duly served upon Ratliff. On the 6th
of February, 1884, Ratliff, as such commissioner, filed his answer

to the writ of garnishment, stating that he was not indebted to the defendant at the time the writ was served upon him nor at the time of filing his answer, that he did not at either of said dates have in his possession any property or effects belonging to the defendant, and that at no time between those dates was he indebted to the defendant, nor did he have in his possession any property or effects belonging to the defendant. On the 12th of February, 1884, the plaintiff traversed Ratliff's answer, and on the same day the plaintiff obtained a judgment against the defendant for the amount of the demand sued upon.

At the July term, 1884, of the circuit court, Ratliff, by leave of the court, filed an amended answer, stating that at the February term, 1883, of the chancery court he was appointed a commissioner in the case of *L. A. Campbell et al.* v. *S. S. Shackelford et al.* to sell certain lands in which George M. Klein had an interest; that he made the sale, collected the purchase-money from the purchaser, " one Allen," and reported to the August term of the court; that the chancery court refused to confirm the sale, and Allen appealed to the supreme court, which reversed the decree of the Chancellor and allowed the sale to stand except as to an infant party in interest, provided Allen should file a certain prescribed bond ; that such bond had not been filed when the garnishment above referred to was served; " that at the February term, 1884, of said chancery court (after the return day of said writ of garnishment had expired) a decree was made directing a distribution among the several parties in interest of the funds in respondent's hands," fixing the amount due to each, and directing respondent to pay the same accordingly ; that said Klein's share of said funds is two hundred and fifty-three dollars and fifty-eight cents ; " that immediately after the making of said decree a writ of garnishment was served on respondent at the suit of *D. S. Fearing* v. *George M. Klein,* and therefore respondent prays that a summons issue to said Fearing to come and contest with plaintiff the right to said money."

Fearing appeared and filed a statement of his claim, which he based upon the same facts substantially as were stated in Ratliff's amended answer, and the further facts, that the bond required of

Allen was filed on the 6th of December, 1883; that the decree of distribution rendered by the chancery court at its February term, 1884, as stated in the garnishee's answer, was rendered " on a day subsequent to the adjournment of the February term, 1884, of this [the circuit] court," and that the claimant has obtained a "judgment of this [circuit] court against said George M. Klein " in the attachment suit, in which claimant's writ of garnishment was issued for three hundred dollars.

Shafner met Fearing's claim with the assertion that he has a better right to the money in Ratliff's hands than Fearing, because his garnishment was first served, and by the averment that " Fearing is not the *bona fide* owner, for a valuable consideration," of the claim against Klein, upon which his garnishment is based.

Issue was joined between the plaintiff, Shafner, and the claimant, Fearing; the case was submitted for trial to the judge, a jury being waived, and the court rendered a judgment in favor of the plaintiff. A judgment was then rendered against Ratliff and in favor of Shafner for the two hundred and fifty-three dollars and fifty-eight cents in controversy. Thereupon Fearing appealed.

*Shelton & Crutcher*, for the appellant.

It will be observed that Ratliff was appointed a commissioner in the chancery cause twice, and for two different purposes. His first appointment was to *make the sale and " hold the money subject to the further orders of the court."* When the decree making distribution of the money was made his duties under the first appointment ceased. But the decree ordering distribution made him a commissioner of the court for the second time and for a wholly different purpose—to pay to the parties the money adjudged to them. Under the first appointment he was simply an officer of the court, a custodian of the money for the court, and compelled to hold the money until the court should direct him what to do with it. Under the second appointment his relations are entirely changed. He becomes then simply an agent to pay out money to parties entitled to it, and for the first time becomes directly responsible to the parties in interest.

Under the first appointment there was no responsibility what-

ever on his part to the parties in interest, because, by the terms of the decree appointing him, he was compelled to hold the money for the court alone. It is thus apparent that until the final decree of distribution was made Ratliff was in no way answerable to the parties in interest for their shares of the money, and could not have been compelled to pay them any money.

Now the test in this case is this : Could a judgment have been rendered against Ratliff at the return day of the Shafner writ of garnishment ?

To authorize a judgment against a garnishee, it must be shown that he was owing a *debt to the defendant. McNiell* v. *Roache,* 49 Miss. 486.

As to whether there was any consideration for the transfer to Fearing of the account upon which he brought suit against Klein, we submit that it is immaterial in this issue, as Klein alone could make that objection.

*E. E. Baldwin,* for the appellee.

Under § 1784 of the Code of 1880 a garnishment certainly covers property in the hands of the garnishee, and indebtedness due by him, the amount of which has not yet been computed and exactly settled and determined, but which is, nevertheless, known to exist, as well as one the exact amount of which is known.

" But," says the claimant, " Klein had no interest in the money until it was decreed by the court, and thereupon the first garnishment took nothing." In answer, we say that this is not borne out by the record nor by the dictates of common sense. Klein, as one of several complainants, had filed a bill setting up their ownership of certain undivided interests in certain real estate, and asking that the same be sold for division. This was granted and the sale made, and it was the known proportionate interest of Klein in this fund which was garnished. Certainly, as he had a known fixed interest in the land, he had a similar one in the fund the moment the land was sold, and such interest, whether its exact amount in dollars and cents had then been ascertained or not, could be garnished, and the exact amount of it determined afterward. The levy will hold the interest, whatever it is.

It is admitted that Fearing has no real interest in the suit in which his garnishment issued, but that the claim sued on was transferred to him without any consideration whatever.

COOPER, C. J., delivered the opinion of the court.

Under § 2442 of the Code of 1880 a plaintiff in attachment may subject to his debt any indebtedness owing by the garnishee to the defendant at the time of the service of the writ, or after that time and before the day at which by law he is required to exhibit his answer. But if at the time the answer is filed the garnishee is not indebted to the defendant and has none of his property or effects in his hands or possession, the plaintiff cannot by continuing the cause acquire the right to recover against the garnishee for matters arising *pendente lite* after the answer. The right of the plaintiff and the liability of the garnishee are to be tested by the condition of things existing when the answer is or should be filed. If the garnishee admits an indebtedness not then due, judgment may be taken with a stay of execution until its maturity, under § 2445, but this provision is not applicable to the facts disclosed by the record in this case.

The answer of the garnishee showed that at the return term of the writ he had none of the effects of the defendant in his hands or possession. Until confirmation of the sale of the land, either by the court or by the parties, the money in the hands of the commissioner (the garnishee) was the property of Allen, the purchaser. Klein, the defendant in attachment, had no interest in the fund; the commissioner held it, not for him, but as the mere depositary of Allen, the purchaser. *State, use, etc.,* v. *Cox et al., ante* 786.

The fund was not garnishable until after confirmation of the sale and the final decree of the court ordering distribution; and the fact that the appellee's suit remained pending in court until after this did not create a right in him to subject it. *Case & Co.* v. *Miracle, Executor,* 44 Wis. 295.

After the order of confirmation and for distribution the defendant, Klein, had an interest in the fund and the right to demand its immediate payment from the commissioner, and thereupon it

became garnishable in his hands. *Burleson* v. *Milan*, 56 Miss. 399.

The appellee, having no right to subject the fund to his judgment under the garnishment, has no interest in the question as to whether the appellant is the owner of the claim asserted by him against Klein. That was a defense to be insisted on by the debtor. *Moody* v. *Ivins*, 59 Miss. 327.

*The judgment is reversed, and a judgment directed to be entered here appropriating the money to the judgment of the appellant.*