GRIFFITH v. THE CHICAGO, BURLINGTON & PACIFIC RAILROAD COMPANY *et al.*

**Railroads** : AUTHORITY OF PRESIDENT. The president of a railroad company has no power, by virtue of his office simply, to let a contract in behalf of the company for the construction of its road, when the same is already under contract made by its board of directors. (*Templin v. Chicago, B. & P. Ry. Co.*, 73 Iowa, 548, followed.)

*Appeal from Jefferson Circuit Court.*

FILED, MARCH 9, 1888.

THIS is an action in equity to recover a balance alleged to be due the plaintiff for work done by him in the construction of a railroad, and to establish and foreclose a mechanic's lien on the property. The circuit court entered judgment dismissing the petition, and plaintiff appeals.

*Jones & Fuller,* for appellant.

*Cook & Clements* and *R. A. Sankey,* for appellees.

REED, J.—Plaintiff claims to have done the work under a contract with the New Sharon, Coal Valley & Eastern Railroad Company, the agreement being entered into on the part of the corporation by S. C. Cook, its president. The name of the corporation was subsequently changed to the Chicago, Burlington & Pacific Railroad Company. The evidence shows that the work was in fact done under a contract entered into by plaintiff with Cook ; but defendants claim that the latter was acting for the Trunk Line Construction Company, and that consequently plaintiff was a subcontractor. If that claim is true, it is conceded that plaintiff cannot recover as against these defendants, for the reason that he did not take the steps requisite to preserve his lien as against .them. The evidence leaves little doubt, we think, but that plaintiff understood, when he entered into the contract with Cook, that the latter was representing the railroad company ; and if Cook had been clothed with power to contract for that company, it probably would have been bound by the contract. But there is no evidence that he had that power, and it is shown that the board of directors of the company had already entered into a contract with another person for the performance of the same work, and that that contract had been transferred to the Trunk Line Construction Company, which company has been paid for the

work.    The case, in its facts, is like *Templin v. Chicago, B. & P. Ry. Co.*, 73 Iowa, 548, in which we held that the president of a railroad company does not have power, by virtue of his office merely, to bind the company by a contract for the construction of its railroad.    That holding is conclusive of the rights of these parties.

AFFIRMED.