SHIRLEY GILLILLAND v. MORGAN E. BRANTNER ET AL.,
Appellants.

**Attorney and client:** CONTRACT OF EMPLOYMENT: PROCURING ASSISTANT COUNSEL.  A contract with an attorney to prosecute a cause, which expressly reserves to the client a determination of the right to engage and select assistant counsel, does not authorize the attorney to employ assistants at the client's expense.

**Same:** ASSISTANT COUNSEL: LIABILITY OF CLIENT FOR SERVICES.  Even though, as in this case, the client knew that his attorney was receiving assistance, but which his contract gave him no authority to employ, the client was not liable for such assistant service, but had the right to assume that the same was being performed under an agreement for compensation with his attorney; and where the client had no knowledge of the assistant service until after the same had been performed at his attorney's request, and which he had no authority to employ at the client's expense, there was neither acquiescence nor ratification binding the client to compensate the same.

**Same.**  Even though the client at the close of the trial expressed satisfaction with the assistant's service and his desire that it should be well compensated, it did not operate to abrogate his contract with his regular attorney, in which there was a provision for the employment of an assistant for a fixed compensation, and did not obligate him to pay for additional service.

**Same:** COST OF SUIT.  Where a client, as in this case, tendered the assistant counsel the amount due under his contract which was refused, counsel was entitled to costs in attempting to collect his claimed compensation up to the time of the tender, but not afterwards.

*Appeal from Mills District Court.—*HON. W. R. GREEN, Judge.

THURSDAY, JULY 1, 1909.

REHEARING DENIED TUESDAY, DECEMBER 21, 1909.

ACTION in equity to establish an attorney's lien. There was a judgment for the plaintiff. The defendants appeal.—*Modified* and *affirmed.*

*W. E. Mitchell* and *Mathew Gering,* for appellants.

*Gillilland & Logan,* for appellee.

SHERWIN, J.—In 1905 the defendant Brantner sued the Chicago, Burlington & Quincy Railway Company in the district court of Mills County. Before the action was there commenced, Brantner entered into a written contract of employment with his co-defendant herein, Mathew Gering, for the prosecution of the suit for a contingent fee, and one of the provisions of such contract was as follows: "It is further agreed that in case said cause is tried in the district court of Cass County, Nebraska, or some foreign court, that the said party of the first part may, if he chooses so to do, employ any additional counsel to assist the party of the second part, and that the fees of such counsel shall be paid by the party of the first part, and that before employing such assistance, in case said cause will be taken to a foreign court, the said party of the first part hereby agrees to consult with the party of the second part in the choice and selection of such assistant." After the contract between Brantner and Gering was made, and also before the suit against the railroad company was commenced in Mills County, the following letters passed between the plaintiff herein and Mr. Gering. On March 9,

1905, Gering wrote to Gillilland regarding the Brantner case: "I had a talk with Genung yesterday on the train coming from Omaha, concerning the Brantner case and he stated that you were willing to assist in the trial of the Brantner case, if we dismissed it in the federal court and commenced it in Glenwood for $100; but I suggested more than that, but after talking with my client he is willing to pay you $200 to assist me at Glenwood, ·contingent, of course, upon success. No matter what the verdict is, if it is over $200 you get your fee." On the following day Gillilland answered the letter thus: "I received your letter this morning. The arrangement which you suggest about the Brantner case is satisfactory to me. I had never suggested to him that I would assist in the Brantner case for $100, as that would have been altogether too small, but am willing to go in with you on your offer of $200, and do my share of the work." And on the next day Gering replied to Gillilland's letter of the 10th in this wise: "I am just in receipt of your favor of the 10th, saying, if the Brantner case is taken to Glenwood for trial, you are willing to assist and do your share of the work for $200 contingent upon recovery of any judgment at all. This is very agreeable and satisfactory to me, and I think is really the best way so that we will know just exactly where we are at. . . . I do not know yet whether I will dismiss the Brantner case in the federal court or not, but if I do, of course, this agreement goes." Thereafter the suit against the railway company was commenced in Mills County, and there tried, resulting in a large verdict and judgment for Brantner. The plaintiff herein took an active and prominent part in the trial, and no one denies that he performed his share of the work. It became necessary to resist a motion for a new trial, and later to defend against an appeal, and in both matters the appellee rendered valuable service to Brantner.

The appellee originally claimed that after· the verdict

he had an arrangement with Mr. Gering, whereby it was agreed that he should assist in resisting the motion for a new trial, and in consideration of his so doing that the contract for $200 made in the letters should be disregarded, and that he should have for his services, in lien thereof, some "fair compensation," and, based on such claim, he filed an attorney's lien on Brantner's judgment for $1,350, and later brought this action to foreclose such lien, alleging in his original petition the arrangement with Gering, and nothing more. The appellee also on the trial testified that he never claimed "this fee against the share coming to Mr. Brantner, . . . but . . . I am claiming it out of the percent that goes to Mr. Gering, under my talk with him as to the share of the fee on the condition that I would stay in the case and make the fight for him." December 16, 1907, only a few days before this suit was commenced, the plaintiff wrote the defendant Brantner a letter relative to his claim and the lien filed for his services, in which the statements following were made:

Matt will ask you to allow the bond to be furnished in your name on the theory that I am claiming my money off of your share of the judgment. Then if the judgment is paid after the giving of the bond, Matt will deduct his share and leave you to fight out the payment of my fee. Matt understands very well that I am claiming a part of his fee under your contract and not any part of what properly goes to you. . . . He should therefore give the bond, and not you. In this way you can insist on the payment to you of your full share of the judgment and it will not be of any concern to you what may be done with my lien. You have suffered and waited long enough and I want you to get your money. . . . The contract you have with Matt provides ample pay for any two lawyers, and it would be unfair to you for Matt to take the percent which that contract calls for and then make you pay me on the bond out of your share.

It will be observed that the plaintiff's original plead-

ing, the letter above quoted from, and his testimony, which we have already set out, all disclaim any intention or effort to charge Brantner with any part of the fee for which the lien was filed. And it must be presumed that this was because of the plaintiff's agreement with Gering after the trial of the case against the railroad. The record is conclusive that Brantner never authorized any contract with the plaintiff other than the one embodied in the letters set out, and that he did not know of any other or different one until after the final determination of his suit against the railway company. The work performed by the plaintiff after the verdict in that case was clearly performed under and by virtue of his agreement with Gering, and the defendant Brantner can not be held under said contract. Gering had no authority to employ assistant counsel at Brantner's expense. On the contrary, the contract between the two expressly reserved to Brantner the right to determine whether such counsel should be employed, and the right to make the selection and the contract. Gering by virtue of his employment had no general authority to employ an assistant at the expense of Brantner. *Smalley v. Greene,* 52 Iowa, 241; *Antrobus v. Sherman,* 65 Iowa, 230; *Ennis v. Hultz,* 46 Iowa, 76. The contract made by the letters was clearly a contract between the plaintiff and Brantner, and it could not be abandoned or enlarged without Brantner's acquiescence. *Ennis v. Hultz, supra.*

*1. ATTORNEY AND CLIENT: contract of employment: procuring assistant counsel.*

Under the written contract the plaintiff's fee of $200 was contingent upon the outcome of the suit, and it is very doubtful whether he was entitled to such sum until there was a judgment for the plaintiff, at least in the district court. Even if Brantner knew that the plaintiff was assisting in the resistance to the motion for a new trial, he would not be liable under the facts of this case, for if his per-

*2. SAME: assistant counsel: liability of client for services.*

sonal contract with the plaintiff did not call for such service, he had the right to presume that the service was performed under some agreement with Gering for which he was not liable. *Ennis v. Hultz, supra.* Brantner did not know that the plaintiff had rendered service in the case, after an appeal was taken until after such service had been performed, and hence there can be no acquiescence or ratification binding upon him.

In the plaintiff's testimony he stated that at the close of the trial of the case against the railway company, Mr. Brantner said to him, "I want you to understand I am quite well pleased with your work in the case, and want you to be well paid." The statement did not abrogate the original contract of employment, nor did it obligate Brantner to pay more than he had specifically agreed to pay. That the plaintiff rendered service for which the sum of $200 is not adequate consideration can not be doubted. But from any view of this case which has been presented by him, we are unable to find any legal or equitable ground upon which the defendant Brantner can be held liable for the amount claimed by the plaintiff. Brantner made a tender of $200 under his contract, but it was refused. We think, however, that the plaintiff's lien should be established for that amount, and that he should have the costs made before the tender. But he is entitled to no more in this action.

3. SAME.

The action was *in rem,* and no personal judgment was rendered against either defendant. The costs made subsequent to the tender will be taxed to the plaintiff. As modified and reduced, the judgment will stand affirmed.—*Modified* and *affirmed.*

4. SAME: costs of suit.