CARSON, PIRIE, SCOTT & COMPANY, Appellee, v. ORISON S. LONG, Appellant.

No. 42627.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

Addison G. Kistle and Henry Read, for appellant.

Wilson & Wilson and Keenan, Barnes & Clovis, for appellee.

KINTZINGER, J.—Plaintiff brings this action on an account for itself and two other accounts assigned to plaintiff by Marshall Field & Co. of Chicago, and the Security Trust & Savings Bank of Shenandoah, Iowa, the total claims aggregating $4,100. The accounts of the Marshall Field & Co. and the claim of the Security Trust & Savings Bank were assigned to the plaintiff for collection. Other facts are hereinafter stated. Defendant filed a motion to dissolve the attachment upon the ground that the writ of attachment was improperly issued, as hereinafter considered.

I. It is claimed that the property levied on by the sheriffs of Page and Pottawattamie counties, respectively, were not attached under writs directed to the sheriffs of the counties in which the property was located. Writs were duly issued by the clerk of the district court of Page county, directed to the sheriff of each of said counties, pursuant to the petition filed. After the writs were issued, plaintiff's attorney contemplated taking the writ directed to the sheriff of Pottawattamie county for the purpose of mailing it to him in that county. On reaching his office, he discovered that he had taken the writ directed to the sheriff of Page county. Thereupon he telephoned the clerk of the district court of Page county, advising her that he had taken the wrong writ. The clerk then directed him to write in the name Pottawattamie county, and forward it to the sheriff of that county, which he did. She also notified him that she would change the writ retained by the sheriff of Page county, making it apply to the sheriff of that county, which she did. Both changes were therefore made, or directed to be made, by the clerk of Page county. It also appears from the record that, notwithstanding the original switching of these writs, they were duly corrected, and proper levies were made under writs directed to the sheriff of each county. It necessarily follows that the attachment made under both writs were valid.

II. It is also claimed there is no showing that the attorneys representing plaintiff were ever authorized to commence this action by the plaintiff, and were not authorized to execute the attachment bond filed in the action. It is contended that in order to authorize the commencement or continuation of litigation on behalf of a party, it is necessary to show that they had authority to

represent the corporation they purport to represent. A number of cases are cited in support of this rule. It is true that in a direct action by an attorney against a corporation to recover fees, it is necessary to show that he was authorized to represent the person sued. In the cases cited, it was shown that the attorneys did not have authority to represent the parties they appeared for, and no recovery was permitted. In such cases, it was shown by the evidence that the parties they purported to represent neither directed nor consented to the employment of the attorneys. Antrobus v. Sherman, 65 Iowa 230, 21 N. W. 579, 54 Am. Rep. 7; Templin v. C., B. & P. Ry., 73 Iowa 548, 35 N. W. 634; Griffith v. C., B. & P. Ry., 74 Iowa 85, 36 N. W. 901; Orwig v. C., R. I. & P. Ry. Co., 217 Iowa 521, 250 N. W. 148, 90 A. L. R. 258; Gillilland v. Brantner, 145 Iowa 275, 121 N. W. 1047.

The case at bar, however, is not an action between the attorneys and the corporation represented by them. On the contrary, it is an action commenced by the attorneys on behalf of plaintiff against the defendant, wherein the defendant seeks a dissolution and dismissal of the attachment on the ground that the attorneys prosecuting the same had no authority to represent plaintiff. In this kind of an action, it is the settled rule that the burden is upon the party questioning it, to prove the lack of authority. This rule is based upon the theory that a regular practicing attorney, as an officer of the court, is presumed to have full authority to bring and continue an action prosecuted for the party represented by him unless the contrary is shown. The burden is upon the defendant to prove a lack of such authority.

"It is well established in the courts of this country * * * that the appearance of a regularly admitted attorney at law is presumptive evidence of his authority to represent the person for whom he appears, and it devolves on the party impeaching the authority to show that it is invalid. This rule applies whether the attorney appears for a natural person or for a corporation." 2 R. C. L. 980, section 58; 6 C. J., 633.

"Although it is necessary that an attorney be specially authorized to act for a client, yet, in the absence of statutory requirements that the authority of an attorney shall be evidenced by writing, his position as an officer of the court makes it unnecessary for him, in the ordinary case, to show his authority in any way, there being a

firmly established presumption in favor of an attorney's authority to act for any client whom he professes to represent." 6 C. J., 631, 632, section 128, with long list of authorities supporting this rule.

Harshey v. Blackmarr, 20 Iowa 161, 89 Am. Dec. 520; Wheeler v. Cox, 56 Iowa 36, 8 N. W. 688; Uehlein v. Burk, 119 Iowa 742, 94 N. W. 243; Lake City Co. v. McCrary, 132 Iowa 624, 110 N. W. 19; City of Cherokee v. Ill. Cent. Ry. Co., 157 Iowa 73, 137 N. W. 1053; Rankin v. City of Chariton, 160 Iowa 265, 139 N. W. 560, 141 N. W. 424; Walsh v. Doran, 145 Iowa 110, loc. cit. 113, 123 N. W. 999; Bond v. Epley, 48 Iowa 600; Reid v. Dickinson, 37 Iowa 56.

In Wheeler v. Cox, 56 Iowa 36, loc. cit. 37, 8 N. W. 688, we said:

"We may assume * * * that Foster was a practicing attorney of the court in which the action was brought. It is to be presumed. then, that he had authority to bring the action, and the presumption must prevail unless the evidence of a want of authority is clea' and satisfactory. The records of a court, regular upon their face, have a large degree of sanctity attached to them, and are not to be lightly overcome. Harshey v. Blackmarr, 20 Iowa 161 [89 Am. Dec. 520]."

In Walsh v. Doran, 145 Iowa 110, loc. cit. 113, 123 N. W. 999, this court said:

"In the absence of bad faith on the part of the attorney, the presumption that he is authorized to appear for the client whom he represents is strong, and can only be overcome by clear and satisfactory evidence."

It is likewise contended that the attorneys representing plaintiff had no authority to execute the attachment bond issued on behalf of plaintiff. What has been just said also applies to this contention, and if defendant has failed to show such attorneys' lack of authority to represent plaintiff, then as such attorneys they were authorized to execute the bond. An attorney, representing a party, has, under section 10922, authority to execute a bond for his client. This section provides:

"An attorney and counselor has power to: 1. Execute in the name of his client a bond, or other written instrument, necessary

and proper for the prosecution of an action or proceeding about to be or already commenced, or for the prosecution or defense of any right growing out of an action, proceeding, or final judgment rendered therein."

In this action, the evidence fails to show that the attorneys representing plaintiff had no authority to prosecute and continue the litigation. On the contrary, it is shown that the general counsel of the plaintiff, residing in a foreign state, forwarded the business to the attorneys representing them here; and that the other claims referred to were duly assigned to plaintiff for collection. An assignment for that purpose is valid. Knadler v. Sharp, 36 Iowa 232; Searing v. Berry, 58 Iowa 20, 11 N. W. 708; Gere v. Council Bluffs Ins. Co., 67 Iowa 272, 23 N. W. 137, 25 N. W. 159; Abell Note Co. v. Hurd, 85 Iowa 559, 52 N. W. 488; Lehman v. Press, 106 Iowa 389, 76 N. W. 818. It is also shown that the parties represented by the attorneys in this action sent them funds to pay the cost of the attachment bonds filed in the action. Defendant has failed to show that such attorneys had no authority to appear for the parties represented by them. The burden is not upon the attorneys to prove their authority, but is upon the defendant to show the lack of such authority in this action. Therefore, under the well-settled law in this state, the presumption must prevail that such attorneys were duly authorized to appear for the parties they represented.

The evidence in this case, aided by the presumption, tends to show that authority was given. The fact that there may have been no direct evidence tending to show the adoption of a resolution by the corporation authorizing the employment of the attorneys does not prove that such authority was not in fact given. We find no error on this branch of the case.

III. It is also contended that the original bond was not sufficient to meet the requirements of the statute. The amount of the debt was $4,100. The original bond was for only $8,500. Under direction of the court, this objection was cured by the filing of a new bond in the sum of $12,500, within the time authorized by the court. This bond was duly filed with, and approved by, the clerk. This action of the court is authorized by section 12143 of the Code.

It is also claimed that the bonds filed were not approved by the clerk. It is shown by the record that both bonds were approved by the clerk when filed. Both bonds were duly certified to this court by the clerk of the district court. This certificate shows that

both bonds were approved at the time they were filed and entered by him. His certificate to that effect is endorsed upon the original bond certified to this court. We find no error in this complaint.

■ IV. It is also contended that the court erred in failing to release as much of the property levied on as exceeded the amount of plaintiff's claim. While there was evidence tending to show that the value of the real estate might exceed the amount of plaintiff's claim, it fails to show, under existing conditions and real estate values, that more than an amount sufficient to satisfy plaintiff's claim could be realized from a sale of the land at this time.

■ V. It is also contended that the court erred in not dissolving the levy upon real estate in Pottawattamie county, and also the garnishment of Mr. Davis, a referee, in a partition proceeding pending in that county, on the grounds that the property was in custodia legis. It is the general rule, as contended, that property in custodia legis cannot be attached.

It is also the general rule that a referee appointed to sell land in a partition proceeding is not subject to garnishment, before the proceeds of the sale have been received by him, and before an order of court has been made directing distribution thereof. Martin v. Davis, 21 Iowa 535; Pugh v. Jones, 134 Iowa 746, 112 N. W. 225, 11 L. R. A. (N. S.) 706, 120 Am. St. Rep. 451, 13 Ann. Cas. 499; Malone v. Moore, 208 Iowa 1300, 227 N. W. 169; Shumaker v. Bohrofen, 217 Iowa 34, 250 N. W. 683, 92 A. L. R. 914.

To authorize a dissolution of an attachment under this rule, however, it must be shown that the property levied on was in custodia legis, and the burden of establishing this status is upon the applicant for a dissolution. The difficulty with defendant's contention, regarding the real estate, is that the evidence fails to show that it was in custodia legis. The return of the sheriff on the original writ has been certified to this court, and it simply shows that he levied upon an undivided 1/24 interest in and to certain described real estate, without any showing that the land so attached was the land involved in the partition proceedings. It is not sufficient to *allege* that the property is in custodia legis. That fact must be established in some manner by the party alleging it.

It is likewise the rule that a referee *can* be garnished, after the proceeds of the sale have been received by him, and after distribution thereof has been directed by the court. In such event, he is

subject to garnishment, and is considered an agent of the party entitled to the proceeds. .

"This exemption continues as long as the person holding the property is primarily accountable to the court for it. It ceases when he becomes personally accountable to defendant. Accordingly it is generally held that he may be held as garnishee after the purpose of the law's custody has been accomplished." 28 C. J. 66 and 67; Code, section 12158; Boyer v. Hawkins, 86 Iowa 40, 52 N. W. 659; Boylan v. Hines, 62 W. Va. 486, 59 S. E. 503, 13 L. R. A. (N. S.) 757, 125 Am. St. Rep. 983; Dunsmoor v. Furstenfeldt, 88 Cal. 522, 26 P. 518, 12 L. R. A. 508, 22 Am. St. Rep. 331; Weaver v. Davis, 47 Ill. 235; Smith v. People, 93 Ill. App. 135; Fearing v. Shafner, 62 Miss. 791.

The difficulty with appellant's contention is that the record fails to disclose whether or not partition had already been made, and whether or not an order of distribution had been directed by the court. Nor is there any evidence tending to show whether or not the garnishee had funds in his hands for distribution belonging to the defendant in this action. If the garnishee had funds in his hands belonging to the defendant after sale of the real estate and after a direction by the court to make distribution, he would be subject to garnishment. To authorize a release of the attachment, it is necessary to show that the distribution stage of the partition proceedings had not yet been reached. The burden of showing the property is not subject to attachment is upon defendant. As this has not been established, we are unable to say at this time that the referee was not subject to garnishment. Our holding on this branch of the case will not preclude the referee, administrator, or trustee, from showing that the land or funds are not legally subject to attachment when answering the garnishment proceedings.

The foregoing disposes of all errors alleged based upon the motion to dissolve attachment. For the reasons hereinabove pointed out, we are constrained to hold that the action of the lower court in overruling the motion to dissolve the attachment was right.

The judgment of the court is therefore hereby affirmed.

MITCHELL, C. J., and STEVENS, ALBERT, ANDERSON, and DONEGAN, JJ., concur.