H. E. Ross, Appellee, v. ORISON S. LONG, Appellant.

No. 42628.

December 26, 1934.

Rehearing Denied April 5, 1935.

Addison G. Kistle and Henry Read, for appellant.

Wilson & Wilson, for appellee.

Kintzinger, J.—The defendant in December, 1932, executed and delivered to the Shenandoah National Bank of Shenandoah, Iowa, his three promissory notes aggregating $5,551. The record shows that H. E. Ross is the duly appointed, acting and qualified conservator of the Shenandoah National Bank, and as such is the holder of the promissory notes involved in this litigation. He commenced this action upon the notes, and asked for a writ of attachment. The defendant filed a motion, based upon several grounds, asking for a dissolution of the attachment. The motion was overruled, and defendant appeals.

Some of the errors assigned were not raised in the lower court; all the others, except the one hereinafter considered, were also urged in the case of Carson, Pirie, Scott & Co. v. Long, 219 Iowa 444, 257 N. W. 815. The opinion in that case is controlling upon all questions raised in this case except the one herein considered.

The additional error assigned here is the court's failure to dissolve the attachment because H. E. Ross, the conservator of said bank, had no authority to bring the action or file the attachment bond, and that the real party in interest was the Shenandoah National Bank.

The difficulty with defendant's position is that, in the consideration of the motion, the matters stated in the petition are considered true. The allegations of the petition show "that said bank is now operating and doing business as a banking corporation under the management of H. E. Ross, duly appointed conservator thereof by the comptroller of the currency of the United States;

that said H. E. Ross is now the duly qualified and acting conservator of said Shenandoah National Bank *and as such is the holder of the choses in action referred to* in this petition and is entitled to bring suit thereon."

The representative capacity of plaintiff may be alleged generally or as a legal conclusion. Code, section 11207. Such an allegation, in effect, makes the conservator a trustee for the bank, and as such the action may be commenced and prosecuted by him. Code, sections 10968 and 9511; Windsor v. Barnett, 201 Iowa 1226, 207 N. W. 362.

The federal statute relating to the appointment, powers, and duties of a conservator of a national bank provides as follows:

"Whenever he shall deem it necessary in order to conserve the assets of any bank for the benefit of the depositors and other creditors, * * * the Comptroller of the Currency may appoint a conservator for such bank and require of him such bond and security as the Comptroller * * * deems proper. The conservator, under the direction of the Comptroller, shall take possession of the books, records, and assets of every description of such bank, and take such action as may be necessary to conserve the assets of such bank pending further disposition of its business as provided by law. Such conservator shall have all the rights, powers, and privileges now possessed by or hereafter given receivers of insolvent national banks."

Section 203 of the National Act of March 9, 1933 (Bank Conservation Act, section 203 [12 USCA, section 203]). The language of this statute authorizes the conservator *under the direction of the comptroller* to take possession of such books, records, and assets of every description, and take such action as may be necessary to conserve the assets of such bank. It also gives the conservator all the rights, powers, and privileges given receivers of insolvent national banks. It is the well-settled rule of law that it is part of the duties of a receiver to collect the assets of the bank, and, in pursuance of this authority and duty, he has a right to commence an action for the collection of the securities in his possession. The very purpose of his appointment is to do what his name implies, viz., to conserve the assets of the bank. It is claimed by defendant that, because the statute authorizes the conservator to act *under the direction of the comptroller,* it is necessary for

him, before commencing an action, to first receive authority therefor from the comptroller. This language, however, means no more than that the conservator shall be subject to the direction of the comptroller, and is not intended to require him to secure special authority from the comptroller before bringing an action on an ordinary claim against a debtor. As conservator, he was the holder of the notes in question, and as such was a proper party. Code, section 9511; Turner v. Richardson, 180 U. S. 87, 21 S. Ct. 295, 45 L. Ed. 438; National Bank of Metropolis v. Kennedy, 17 Wall. 19, 21 L. Ed. 554; Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. Ed 840; Cadle v. Baker, 20 Wall. 650, 22 L. Ed. 448.

In discussing a similar statute in relation to the appointment and powers of a receiver of an insolvent bank, the Supreme Court of the United States, in National Bank v. Kennedy, 17 Wall. 19, loc. cit. 21, 21 L. Ed. 554, said:

"It remains, therefore, to determine whether it is necessary for the receiver, before bringing suit in an ordinary case of a debt * * * to have the order of the comptroller for that purpose. * * * The language of the statute authorizing the appointment of a receiver to act *under the direction of the comptroller*, means no more than that the receiver shall be subject to the direction of the comptroller. It does not mean that he shall do no act without special instructions. His very appointment makes it his duty to collect the assets and debts of the association. With regard to ordinary assets and debts no special direction is needed; no unusual exercise of judgment is required. They are to be collected of course; that is what the receiver is appointed to do. We think * * * the action was properly brought by the receiver."

As the statute itself provides that the "conservator shall have all the rights, powers, and privileges now possessed by or hereafter given receivers of insolvent national banks", we see no escape from the conclusion that the conservator in this action had authority to bring this action. The legality of his appointment has not been questioned in any manner. Having a right to bring the action, it necessarily follows that he also had authority to sign the attachment bond given for the purpose of conserving the interests of the bank.

All other questions raised have been determined in the case of Carson, Pirie, Scott & Co. v. Long, supra. We find no error in the judgment entered by the lower court, and the same is hereby affirmed.

MITCHELL, C. J., and KINDIG, ANDERSON, EVANS, DONEGAN, and ALBERT, JJ., concur.