Wheeler v. Cox.

---

## WHEELER v. COX ET AL.

1. **Attorney:** PRESUMPTION OF AUTHORITY: EVIDENCE TO OVERCOME. The presumption that an attorney who brings an action is authorized to do so by the plaintiff can only be overcome by clear and satisfactory evidence.

*Appeal from Poweshiek District Court.*

FRIDAY, APRIL 22.

ACTION in equity to set aside a judgment and enjoin an execution sale. The judgment upon which the execution issued was rendered in defendant Cox's favor, upon a counter- claim set up in an action brought ostensibly by the present plaintiff against Cox. The plaintiff avers, however, that the action was not in fact brought by him. The attorney who acted ostensibly for the plaintiff in bringing the action was one Foster, but the plaintiff avers that Foster was never authorized by him to bring the action, and that he had no knowledge that such action had been brought until long after

the redition of the judgment against him upon the counter-claim, and about the time of the issuance of the execution.

He avers that there was at one time a mutual account between him and Cox, that certain items thereof were in dispute, but that they were finally settled by arbitration, and that Foster was so informed, but that he wrongfully and without the plaintiff's knowledge brought an action upon the plaintiff's account, and that Cox then set up his account against plaintiff by way of counter-claim, and succeeded in obtaining a judgment thereon, which is the judgment in question.

The defendant, Cox, denies that the action was brought without the plaintiff's authority and knowledge. There was a decree for the defendants. The plaintiff appeals.

*Redman, Carr & Farmer,* S. H. *Fairall* and J. T. *Been,* for appellant.

*Lewis & Clark,* for appellee.

ADAMS, CH. J.—We may assume, in the absence of any averment or evidence to the contrary, that Foster was a practic-

1. ATTORNEY: presumption of authority: evidence to overcome.

ing attorney of the court in which the action was brought. It is to be presumed, then, that he had authority to bring the action, and the presumption must prevail unless the evidence of a want of authority is clear and satisfactory. The records of a court, regular upon their face, have a large degree of sanctity attached to them, and are not to be lightly overcome. , *Harshey v. Blackmarr,* 20 Iowa, 161. We have, then, to consider whether the evidence of a want of authority on the part of the attorney, Foster, is such that a presumption of authority arising from his relation to the court should be regarded as overcome.

The evidence of a want of authority to bring the action consists mainly of the testimony of the plaintiff himself. It appears, from his testitmony, that there was a mutual account

between the plaintiff and Cox, and a dispute between them in regard to certain items. The plaintiff employed Foster to draw up the account in his favor from certain memoranda given him. The account then drawn up by Foster was retained by him, and an action brought upon it. The plaintiff had knowledge that the account was retained by Foster, but he testified that he did not authorize him to bring an action upon it, but, on the contrary, that he expressly told him that he and Cox had settled. If this testimony stood alone we might regard it as sufficient to overcome the presumption of authority on the part of Foster. But Mr. M. E. Cutts, who was employed as an attorney by Cox to defend in the action, and drew and filed the counter-claim upon which the judgment was rendered in Cox's favor, testifies that he had negotiations with the plaintiff in regard to the continuance of the action, and, also, in regard to its settlement. It is true he says that it is possible that his talk with the plaintiff might have been before the action was really brought, but it is evident from an examination of his testimony that such is not his recollection. Besides, he is corroborated by Cox, who testifies that the plaintiff was in attendance at a term of court in which the action was pending, and was in the court-room when the case was called.

The presumption of authority on the part of Foster is not, in our opinion, overcome.

AFFIRMED.