AUGUST UEHLEIN, Appellant, v. SOPHIA BURK et al.

Appearance: WANT OF AUTHORITY: BURDEN OF PROOF. Where 1 an attorney appears to an action for one of the parties, authority for so doing is presumed, and the burden is on the one claiming want of such authority.

Judgment: SETTING ASIDE: FAILURE TO SERVE NOTICE: APPEARANCE. 2 Where one holds the bare legal title to real estate in trust for another and in an action for damages a judgment is rendered against the trustee, making the property liable for the judgment, there being no judgment against him personally or against property in which he has a beneficial interest, he cannot have the judgment set aside on the ground that no notice of the suit was served on him, and that an answer was filed for him by attorneys without authority.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

THURSDAY, APRIL 9, 1903.

ACTION in equity to set aside a judgment and to restrain the sale of real property thereunder. Judgment for the defendants. The plaintiff appeals.—*Affirmed.*

*Cook & Leach* for appellant.

*Ransier & Everett* for appellees.

SHERWIN, J.—The defendant Sophia Burk sued one M. A. Dougherty for damages for the sale of liquor to her husband. Dougherty was running a saloon in a building

which appeared of record to belong to the plaintiff herein, and he was made a party defendant in the petition. He was not served with notice of the suit, however, but an answer was filed for him by attorneys, which was afterwards withdrawn for the stated reason that their appearance was without authority. A default was then taken against the plaintiff. Afterwards Mrs. Burk obtained a judgment in her suit against Dougherty, and a judgment was rendered against Uehlein, making the property liable for that judgment.

It is the settled rule in this state that, where attorneys have appeared in an action for a defendant, authority for so doing will be presumed, and that the burden is upon 1. APPEARANCE: the defendant to show that no such authority in want of authority: burden of proof. fact existed. *Harshey v. Blackmarr*, 20 Iowa, 161. We think this burden has been sustained in this case, and, it being conceded that no notice was served upon the plaintiff, we must hold that the judgment against him was absolutely void for want of jurisdiction.

This found, it is contended that the plaintiff is entitled to have the judgment set aside in equity as a matter of right, and without any showing of prejudice. A determination of the plaintiff's rights in this respect requires a review of some of our cases which may appear not to be in harmony with each other, or with the con- 2. JUDGMENT: clusion reached in this case. In the early case setting aside: failure to of *Piggott v. Addicks*, 3 G. Greene, 427, the ac- serve notice: appearance. tion was in equity to set aside a judgment rendered without service. A demurrer to the petition on the ground that it did not "state that the sum of money for which the judgment was rendered was not due," "or that the judgment operated oppressively upon the defendant, or that he had any defense at law," was sustained on the ground that "the door of equity is only open to such as have been or may be injured, and, before chancery will take jurisdiction, the injury sustained or apprehended

should be clearly set forth in the petition." In *Givens v. Campbell*, 20 Iowa, 79, the judgment was held void for want of notice, but there it was alleged and proven that the plaintiff was not liable. *Taggart v. Wood*, 20 Iowa, 236, was an equitable action to set aside the judgment for want of notice, in which it was alleged that there was no valid debt. The court found that there was, however, and refused to grant the relief prayed because "the judgment is not shown to be unjust or oppressive." *Bryant v. Williams*, 21 Iowa, 329, was also an equitable action to set aside a judgment because of no notice. | The case does not show the exact state of the pleadings, but it does show, perhaps, that there was or might be something due from the plaintiff on the claim which was wrongfully put into a judgment, and it is said: "But whenever it appears that some amount is due on the cause of action upon which the unauthorized judgment was rendered, * * * the court will retain and continue the lien of the original judgment for the payment of such judgment as may ultimately be rendered in the case, and, when the pleadings are properly framed, and the nature of the cause of action will justify it, the court of equity setting aside the unauthorized judgment will render such new judgment as shall be just and proper under the proofs in the case." In *Parsons v. Nutting*, 45 Iowa, 404—an equity action— the judgment was void, but it was admitted that there was no defense to the indebtedness upon which the unauthorized judgment was rendered. The relief was denied on the ground that he who "asks equity must do equity." *Gerrish v. Hunt*, 66 Iowa, 682, was also an equitable action on a void judgment. A good defense was pleaded, but no indebtedness was admitted. A demurrer to the petition was sustained by the lower court. The ruling was held error, and it is said that: "Such a judgment will be set aside, and process thereon enjoined, by chancery. But this relief will not be granted if it appear that the party

holding such void judgment has a valid claim whereon it was rendered, to which there is no defense." The above language was approved, by implication, at least, in *Gerrish v. Seaton*, 73 Iowa, 15, and in *Jamison v. Weaver*, 84 Iowa, 611—another case of a void judgment. See, also, *Bank v. Dixon*, 105 Iowa 148.

Of the cases relied upon by the appellant, *Arnold v. Hawley*, 67 Iowa, 313, was an equitable action on a void judgment, wherein it was claimed that the petition did not negative an indebtedness. This court found that it did, however, but said, in substance, that it was not necessary to so plead. This decision has been followed since in *Henkle v. Holmes*, 97 Iowa, 695, and *Spencer v. Berns*, 114 Iowa, 126, although in the latter case the question arose on a motion to set aside the judgment. *Way v. Lamb*, 15 Iowa, 79, *Dixon v. Graham*, 16 Iowa, 310, and *Crawford et al., v. White*, 17 Iowa, 560, were all cases where notice had been given, and the judgments were voidable, but not absolutely void. An examination of the earlier cases to which we have called attention will show quite clearly that the precise point involved here, or in the later cases, which seem to be in conflict with them, was not involved because of the fact that defenses were pleaded, and that, so far as the language used seems to establish a different rule from the one later announced on the precise question, it must be treated as dictum. In none of the cases to which our attention has been called, however, is the point decided which is involved here, as we view it. In all of the former cases there was a personal judgment against the defendant, which, in the absence of anything appearing to the contrary, would be presumed to be prejudicial and oppressive. Here there was no such judgment. Not only is this true, but it is affirmatively shown that the plaintiff is not the real owner of the property in controversy. He has at most only a bare legal title held in trust for the Schlitz Brewing Company. Dougherty negotiated the

purchase for either the brewing company or himself, and the brewing company furnished all of the money that was paid therefor, and took the title in the plaintiff. It also appears from the record that at the same time this was done Dougherty and the company entered into a contract whereby the former was to use the building for saloon purposes, and occupy the same so long as he bought his beer of the brewing company, and in not less than car-load lots. With these facts before us, practically conceded, it is evident that no recognized rule of equity requires us to set this judgment aside at the instance of the plaintiff. There is no judgment against him personally, nor against any property in which he has a beneficial interest, and we hold that, where there is no personal judgment, a.party seeking in an equitable action to set aside a void judgment *in rem* must allege and prove some equity in himself.

The judgment is AFFIRMED.