MARGARET WALSH ET AL., Appellants, v. PATRICK DORAN ET AL., Appellees.

**Judgments:** ACTION TO VACATE: AUTHORITY OF ATTORNEY: PRESUMPTION. In the absence of bad faith on the part of an attorney there is a strong presumption that he is authorized to appear for the client whom he represents, which can only be overcome by clear and satisfactory evidence, and the same presumption obtains in favor of the records of the court. In this action to set aside a decree on the ground that the attorney for plaintiff therein was not authorized to appear and procure the substitution of these plaintiffs as party plaintiffs in that action, the evidence is held insufficient to overcome the presumption in favor of the attorney's authority.

**Adverse possession:** LIMITATIONS. Mere continuance in possession by the grantor in a deed is not in itself sufficient to set in motion the statute of limitations; there must be a distinct assertion of hostility to the title claimed under the deed given by him.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 18, 1909.

THIS is an action in equity to set aside and declare void a former decree, and to establish the title of the plaintiffs as heirs of their father to an undivided three-fourths of·a certain eighty acres of land. The trial court dismissed the petition, and the plaintiffs appeal.—*Affirmed.*

*E. W. Cutting,* for appellants.

*N. Willett* and *A. Chapin,* for appellees.

EVANS, C. J.—The plaintiffs are the three daughters of James Doran, Sr., now deceased. They and their only brother, James Doran, Jr., constitute the only heirs at law of James Doran, Sr. In 1859 James Doran, Sr., became the owner of the certain eighty acres of land involved in this controversy. In November, 1861, he executed a deed therefor to his brother, Patrick Doran, defendant herein, for a recited consideration of $231. James Doran, Sr., however, continued in the occupancy of the land and did so continue down to the time of his death, October. 3, 1904. The brothers, James and Patrick, were on intimate terms throughout their lives till a few months prior to the death of James, and had various business transactions together. Their methods of business with each other appear to have been loose and indefinite, and the evidence does not disclose any of the details of the transactions between them. In May, 1904, James Doran, Sr., brought an action against his brother Patrick to quiet his title in the eighty acres in question, and based his claim of title upon adverse possession. The defendant Patrick filed an answer and a cross-bill, asking· that his title thereto be quieted against the plaintiff. While the pleadings were in this state, and before the trial of the case, the plaintiff died. For some time before his death James Doran, Sr., had been in ill

health, and his son, James Doran, Jr., looked after his business affairs in large part, including the suit in question. After the death of the father, the four children were substituted as parties plaintiff, and the case proceeded in charge of the same attorney, one Sayre, who had been employed by the father in his lifetime, and in the immediate charge of the son, James Doran, Jr. One and one-half years after the death of the father the case came on for trial, and resulted in a decree for the defendant. This is the decree which the plaintiffs now seek to set aside. Their claim is that they never authorized any one to substitute them as parties plaintiff, and that they never knew they had been so substituted. Each plaintiff has testified as a witness to her want of knowledge of such substitution. The brother, James Doran, Jr., was not examined as a witness. On the other hand, it appears from the testimony of the plaintiffs that they knew during their father's lifetime that he had brought the suit, and knew that it was pending at the time of his death. All the children lived in the same neighborhood within short distances of each other, and were on friendly terms and saw each other constantly. They knew that the case was being prosecuted in some form after the death of their father. Inasmuch as the case could not have proceeded without some such substitution, some presumption must obtain against them on this point. On March 9, 1906, one month before the trial was had, the plaintiffs took the deposition of the defendant Patrick Doran at the town of Decorah, the county seat town of the plaintiffs. All the plaintiffs admitted that they knew of the taking of such deposition, and that it was taken to be used in the trial of the case. The brother, James Doran, Jr., was present, together with Mr. Sayre, the attorney. There is no room for doubt but that the attorney and the brother were prosecuting the action in good faith on behalf of the heirs as substituted plaintiffs. There is no reason appearing in the record why the plain-

tiffs should not have desired to be made parties in such action. The relief sought in their behalf in that action was precisely that which they now seek. It was impossible for them to escape that action by dismissal because the cross-bill of defendant Patrick Doran was on file before the death of James Doran, Sr.

In the absence of bad faith on the part of the attorney, the presumption that he is authorized to appear for the client whom he represents is strong, and can only be overcome by clear and satisfactory evidence.

1. JUDGMENTS: action to vacate: authority of attorney: presumption.

The same presumption obtains in favor of the records of the court. *Wheeler v. Cox,* 56 Iowa, 36; *Harshey v. Blackmarr,* 20 Iowa, 161. The testimony in this case is far from sufficient to overcome such presumption. The fact that the plaintiffs knew of the pendency of the suit at the time of their father's death, and that they knew afterwards of its continued prosecution, is quite conclusive against them. The fact that they did not actually know the details of the method by which such suit should be prosecuted after the death of their ancestor is not controlling. The fact that the relief sought on their behalf in that action is precisely the same as that which they now seek is also a strong circumstance against them, and is quite conclusive of the good faith of their attorney and their brother. It is our conclusion, therefore, that the former decree must stand.

Instead of passing specifically upon this branch of the case, the trial court considered the case upon its merits, regardless of the former adjudication, and found that the evidence failed to show such a state of facts

2. ADVERSE POSSESSION: limitations.

as would set the statute of limitations in motion, and that the possession of James Doran, Sr., must be regarded as having been in subordination to the title held by Patrick under his deed. We think the conclusions of the trial court on this feature of the case are quite unassailable. It is well settled that mere

continuance of possession by a grantor in a deed is not of itself· sufficient to set running the statute of limitations. There must be a distinct assertion of hostility to the title claimed under his own previous deed. *McClenahan v. Stevenson,* 118 Iowa, 106; *Luckhart v. Luckhart,* 120 Iowa, 253.

The record is voluminous, and we have gone over the evidence with much care. The principal questions involved are fact questions, and a detailed discussion of them will serve no useful purpose.

The decree of the trial court was right, and it is *affirmed.*