THE CITY OF CHEROKEE, Appellant, v. THE ILLINOIS CENTRAL RAILROAD COMPANY, et al., Appellee.

**Appeal: DISMISSAL: WAIVER.** Mere delay in the prosecution of an action, if ground for the dismissal of an appeal, is waived by failing to raise the question in the trial court.

**Same.** The presumption obtains that public officers perform their duties faithfully and with due diligence; and a mere showing of delay on the part of the trial court in ruling on a motion to dismiss the action will not justify its dismissal on appeal because of plaintiff's failure to prosecute.

**Same: MOOT QUESTION.** Where no issue of fact or law has been joined in the trial court the appellate court can not say, on a motion to dismiss the appeal, that the controversy presents only a moot question.

**Same: ABSTRACT: INADVERTENT ERROR.** The inadvertent use of the term defendant instead of plaintiff, in abstracting the record regarding the perfection of an appeal by service of notice, which could in no manner have been misleading, will not deprive the appellate court of jurisdiction.

**Same: AUTHORITY OF COUNSEL TO APPEAR: PRESUMPTION: WAIVER: PROCEDURE.** It will be presumed that a city solicitor in appearing for the city was authorized to do so, in the absence of a showing to the contrary; and where there was no ruling by the trial court on a demand that the solicitor show his authority the demand will be treated as waived, and the action will not be dismissed on appeal from a judgment of dismissal by the trial court but will be permitted to stand for further proceedings.

*Appeal from Cherokee District Court.*—HON. WM. HUTCHINSON, Judge.

FRIDAY, OCTOBER 25, 1912.

THE opinion states the case.—*Reversed.*

*William Mulvaney,* for appellant.

*Helsell & Helsell, Molyneux & Maher,* and *Blewett Lee,* and *W. S. Horton,* for appellees.

WEAVER, J.—The defendant's line of railroad passes through the city of Cherokee, and of necessity crosses the streets which intersect its right of way. On December 19, 1900, the plaintiff city by its solicitor filed herein a petition alleging that at the point where said railroad crosses Second street, a public highway, defendant, acting without authority so to do, had erected abutments on either side of said street, each extending thirteen feet into the public way and wholly obstructing the sidewalks, and that within the remaining space within these abutments defendant was in the act of erecting others, thereby further obstructing the public use of the way. It further alleged that said work of obstruction had been done or was being done notwithstanding the company had been warned and ordered by the city not to do so. On this showing a temporary injunction was asked to restrain the further prosecution of the work, and that upon final hearing the injunction be made permanent. A temporary injunction was issued. Motion was thereupon filed by the defendant to vacate the writ, stating several grounds thereof, among which was an allegation that the action had been begun by the city solicitor without authority granted by the city council, which statement was supported by the affidavits of the mayor and three aldermen. The motion to dissolve the injunction was sustained December 21, 1900; the ground of the ruling not being stated.

On January 7, 1900, defendant filed a motion to require the solicitor, William Mulvaney, to show his authority for his appearance in the action, and to dismiss such action as having been begun without authority. In support of the motion reference was made to the affidavits filed

in connection with the motion to dissolve the injunction. In resistance to this motion, the solicitor presented the record of a resolution adopted by the city council on November 7, 1900, as follows: "Moved and seconded that the obstruction or nuisance on North Second street, which is placed there by the Illinois Central Railroad Company, be ordered abated at once and that the proper notice be served upon said company. Vote—Webber, yes; Nicholson, yes; Wilkie, yes; Reigle, yes; Lockyer, yes; Paterson, not voting. Motion carried."

There was a further showing by affidavits of members of the city council to the effect that, immediately after the passage of this motion and in the presence of the council, the mayor directed the solicitor to look after or take charge of the matter, and that said order had never been rescinded. The solicitor added to his own affidavit to the same effect, and averred that in bringing the action he acted upon authority given by the council and the order of the mayor, and that such authority was still unrevoked. The defendant thereupon responded with a motion to strike parts of the affidavits.

In rebuttal of the matter stated in such affidavits, defendant filed a certified copy of a resolution alleged to have been adopted by the city council under date of January 2, 1901, as follows:

Be it resolved by the city council of Cherokee, Iowa, in regular session assembled, that the resolution of this council heretofore passed on the 7th day of November, 1900, which read as follows: 'Moved and seconded that the obstruction or nuisance on North Second street, which is placed there by the Illinois Central Railroad Company, be ordered abated at once, and that the proper notice be served upon said company,' be and the same is hereby rescinded, annulled, and canceled, and that the action taken by said city council giving authority to the Illinois Central Railroad Company to build its new railroad bridge at what is known as Second street crossing over said Second street

in the manner and after the plans as shown by the map heretofore filed by said company with the city council and which said plan and map of said proposed new bridge across said Second street was by resolution of the city council, duly approved, be changed as follows: 'And be it further resolved that the plan of erecting' said bridge over said crossing and the occupancy of a portion of said Second street on each side for abutment purposes as the same are now constructed, according to the plans herewith submitted and filed with the city council be and the same is hereby adopted and approved.'

It is also agreed to by the said Illinois Central Railroad Company that they shall provide and maintain two incandescent lights which are to be placed in the vicinity of the aforesaid bridge, and, at the direction of the city council, that they shall also construct the sidewalk on the outside of the piers or abutments—that is, next to the company's right of way—they shall also provide a protection so as to keep the dirt from falling from the embankment on the sidewalk, and shall also drive the first row of piling which are shown to the diagonal, parallel with and clear of the sidewalk.

It was moved by Reigel and seconded by Webber that said resolution as read be adopted and approved. The motion being put to a vote, the yeas and nays were called for, and each alderman cast his vote as follows: Webber, yes; Paterson, yes; Reigel, yes; Wilkie, no; Lockyer, no; Nicholson, no. The result being announced and found to be a tie, the mayor cast his vote in favor of said motion, and the motion declared carried, and said resolution was declared adopted.

It may here also be said that in resistance to the motion to dismiss, plaintiff denied the adoption of the foregoing resolution on the ground that Paterson, one of the members of the council without whose vote the motion would have been lost, was the agent at Cherokee for the defendant railroad company, and therefore disqualified to take any part in disposing of that question. The motion to require counsel to show authority for prosecuting the action and to

dismiss was submitted on January 25, 1901, and by the court taken under advisement. The court appears to have found difficulty in agreeing with itself upon the questions thus presented, for it kept them under advisement for a period of ten years, when at its January term, 1911, a ruling was entered sustaining the motion and dismissing the proceedings with judgment against plaintiff for costs. From this ruling and judgment the present appeal has been taken.

I. Appellees move this court to dismiss the appeal because of the unreasonable delay in prosecuting the case in the court below, because there is no longer any question to

1. APPEAL: dismissal: waiver. be decided, except the moot question of the city solicitor's authority to bring and prosecute the action, and because the abstract fails to show that an appeal has been perfected. The motion can not prevail. The order and judgment appealed from were entered less than six months prior to the taking of the appeal, and there has been no delay in this court of which appellees can complain. If the delay below afforded good ground for dismissal, the objection should have been raised there, and, failing so to do, must be considered waived.

Moreover, we think plaintiff can not justly be charged with delay because of the time taken by the court in meditation upon its ruling. In the absence of showing

2. SAME. to the contrary, it is a charitable presumption of the law that men and especially public officers perform their duties faithfully and with due diligence. The record before us shows, it is true, a *hiatus* of ten years between the submission of the motion and the ruling thereon, but nothing more. From that fact alone we do not feel at liberty to say that the court was not at all times diligently considering the legal *enigma* submitted for its solution, or to assume that the city solicitor was not present at each recurring term of court holding his official zeal firmly in leash, but ready to pursue

the prosecution to the last ditch whenever the court gave
him the opportunity to do so.

Nor can we say from the record that only a moot
question remains in the case. No answer has yet been
filed, and the sufficiency of the petition has not been tested

3. SAME: moot question.

by demurrer. Until that is done and an
issue of fact or of law has been tendered,
the case will not be in a condition where
we can say the question to be decided does or does not
present a substantial controversy.

The objection to the sufficiency of the appeal has been
stated only in quite general terms, but the thought of coun-
sel seems to be that the abstract does not properly show ser-

4. SAME: abstract: in-advertant error.

vice of notice. The statement in the ab-
stract is as follows: "And afterward,
on the 1st day of July, A. D. 1911, the
defendant perfected its appeal to the Supreme Court of
Iowa by serving notice thereof upon Herrick & Herrick,
attorneys of record in said cause for the defendants, and
also upon H. L. Loft, clerk of the district court of Iowa in
and for Cherokee county, which said notice so served to-
gether with the proof of service thereof was duly filed in
said cause on July 1, 1911, as a part of the records there-
of." The point of this objection will be seen when we
note that the word "defendant" where it is first used in the
quoted language appears to have been mistakenly employed
for the word "plaintiff." The mistake is so evident that
no one could be misled thereby. It has been held by us on
several occasions that the use of the word "plaintiff" for
"defendant" and *vice versa* in instructions to the jury is not
reversible error, where the real meaning and purpose are
clear, and there is no reason for greater testimony in an ap-
peal notice. More directly in point we have held that where
a notice of appeal mistakenly uses the defendant's name for
the name of the plaintiff, and the error is manifest upon the
face of the notice, it does not deprive this court of jurisdic-

tion to entertain the appeal. *Heinz v. Roberts,* 135 Iowa, 748, and cases there cited. The rule of these precedents is a reasonable one, and we are not disposed to depart from it. The motion to dismiss the appeal is therefore denied.

II. The court below did not expressly rule upon the question requiring the plaintiff's solicitor to show the authority by which he appeared in the case, and we think that part of the defendant's demand must be considered as abandoned or waived; for, if sustained, the regular course of procedure would have been to afford the solicitor opportunity to make the demanded showing of authority, and, until that was done, the court could not properly have dismissed the case on that ground. Moreover, the record shows, as already stated, that this action was begun December 19, 1900, while the order or resolution of the council adopted November 7, 1900, was admittedly still in force. The suit was begun by the acting city solicitor in conformity to the policy indicated in that resolution, and, as he alleges, under the direction given him by the mayor in the presence and with the apparent consent of the city council. To say the least, the very appearance of the city solicitor in court prosecuting an action in the name of the city carries with it a presumption of authority which the court will not disregard upon any uncertain or doubtful showing. Whether as such solicitor he may without order or consent of the council bring an action in the name of the city to enjoin or remove an obstruction of a public street we need not here decide. We regard it clear that the presumption of his authority to begin the suit has not been overcome. Such being the case, if it be true that since the bringing of the action the defendant has by a valid compromise or settlement made with the city, or by removal of the alleged obstruction, or otherwise, put an end to the controversy, that fact gives no ground to question the authority of the solicitor to appear in the case. If the fact be conceded or clearly

5. SAME: authority of counsel to appear: presumption: waiver: procedure.

appears of record, the court may, of course, put an end to the proceedings, and order a dismissal, but if not conceded, or if not apparent on the record, the remedy of the defendant is to plead the alleged adjustment as a defense, and, if issue be joined thereon, try it out in the manner provided for the trial of other issues. Here there is a dispute. Plaintiff is still in court, denying the authority of the council to permit the obstruction of the street, or, if such authority exists, denying that it has ever been legally exercised. If it be true that the city does not wish to prosecute the case, there is nothing to prevent its coming into court and saying so, and, in the absence of such action on its part, we think it is not open to the trial court to make it a ground for dismissing the action on motion of the defendants.

The question of the defendant's right or authority to occupy the street is not before us in a form or manner to call for a decision at this time. The facts except as broadly stated in the petition do not appear in the record. It is enough at present to say that the allegations there made appear to state a cause of action, but, as already suggested, no issue has yet been taken thereon, and we can not undertake any adjudication of the merits of the case upon the record now before us.

As we have above indicated, we think the motion to dismiss should have been overruled. The judgment below is therefore reversed, and cause remanded for further proceedings not inconsistent with the views expressed in this opinion.—*Reversed.*