FRANK FUEHR, Appellant, v. EWERT & RICHTER EXPRESS AND STORAGE COMPANY, Appellee.

**ATTORNEY AND CLIENT:** Authority—Appearance to Action. An attorney retained in a controversy "to settle and not to get into a law suit," possesses no authority to appear in an action based on the controversy, nor to authorize another attorney to do so, and a personal judgment based on such an appearance is void for want of jurisdiction.

*Appeal from Scott District Court.*—M. F. DONEGAN, Judge.

SATURDAY, JUNE 23, 1917.

ACTION on a judgment entered in the justice court by W. E. Harlan, Esq., of Gray Township in the county of White and state of Arkansas resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed*.

*Cook & Balluff*, for appellant.

*Bollinger & Block*, for appellee.

LADD, J.—This action was begun March 5, 1915, and is based on a judgment entered in justice court in White County, Arkansas, in words following:

ATTORNEY AND CLIENT: authority: appearance to action.

"On the 12th day of September, 1914, the plaintiff filed before me his cause of action against defendants for $188.50. Thereupon, a writ of attachment was issued against the

defendants, returnable on the 17th day of October, 1914, at 10 o'clock A. M., and delivered to the constable of Gray Township. Now on this day comes the plaintiff, Frank Fuehr, in person and by his attorneys, Brundidge & Neely; also comes the defendant, Ewert & Richter Express and Storage Co., by their attorney, Eugene Cypert, and both parties announcing ready for trial, the jury being waived, this cause is submitted to the court sitting as a jury upon the pleadings filed in the cause, the testimony of Frank Fuehr. It is, therefore, by the court considered ordered and adjudged that the plaintiff do have and recover of and from the defendant, Ewert & Richter Express and Storage Company, the sum of $188.50 and his cost herein expended. And it further appearing that the Bank of Searcy having been garnished in this action, and it appearing that the bank has in its hands $81.07 belonging to the defendant, Ewert & Richter Express and Storage Co., it is by the court considered ordered and adjudged that said Bank of Searcy be and is hereby directed to pay over to the plaintiffs the sum of $81.07. Given under my hand on this 17th day of October, 1914. W. E. Harlan, J. P."

A transcript thereof duly certified was presented, and the only defense interposed was that the court was without jurisdiction, in that Eugene Cypert appeared in court for defendant without authority. It appears from the stipulation of facts on which the case was submitted, that the defendant is a corporation organized under the laws of Iowa, and that plaintiff is a resident of Arkansas. On and prior to September 4, 1914, the plaintiff had in storage at the warehouse of the defendant at Davenport, Iowa, certain household goods, and on the named day, at plaintiff's request, said goods were shipped to Searcy, Arkansas. A draft for the amount of the storage charges on bank at Searcy, Arkansas, with the bill of lading for the goods, was forwarded to the bank. Upon the arrival of the goods,

plaintiff paid the draft and obtained the bill of lading, and immediately commenced action for the value of goods alleged not to have been returned, aided by attachment under which the bank was garnished. On being advised of this, otherwise than by service of process, and on the same day, October 1, 1914, one of defendant's officers took to the office of Bollinger & Block his copy of the warehouse receipt, hereinbefore referred to, and certain of his other papers and correspondence about said shipment of said goods, and advised James W. Bollinger of the commencement of said suit; but neither such officer nor any officer of the defendant ever instructed Bollinger & Block or any attorney to appear in said case before said Justice Harlan. It appears that such officer left such papers with said James W. Bollinger, and told said James W. Bollinger to settle the suit, and left the matter with said James W. Bollinger for attention; and further, that said officer told said James W. Bollinger to settle the matter and not get into any lawsuit.

On the same day, said Bollinger addressed and mailed the following letter:

"October 1, 1914.

"Bank of Searcy,

"Searcy, Arkansas.

"Gentlemen: In re Fuehr v. Ewert & Richter Express and Storage Company: We are writing you in behalf of Ewert & Richter Express and Storage Company of this city. On September 4, 1914, our client shipped to Fuehr a certain lot of household goods which had been stored with them. This shipment was made by draft attached to bill of lading, and we understand that Fuehr paid the draft and got the goods from the railroad company and then brought suit by attachment against the Storage Company and garnished you. From correspondence between Mr. Fuehr and our client, we understand that he has a claim

against the company for $188.50, consisting of one bundle of rugs lost, worth $185, one stool at $1.00, and one stepladder at $2.50. We wish you would do what you can to settle this thing up for us. Our company knows nothing of the bundle of rugs. As to the stool, you will find that it is listed in his bill of lading as crated with a library table. If he insists he didn't get it, allow the $1.00. As to the stepladder, our company never had the same and none was ever listed, and so, under his bill of lading receipt, which we are sending you herewith, we are not liable for that. As to the $185 for the bundle of rugs, under Clause 7 of the warehouse receipt, which we are also enclosing, and of which Fuehr has a copy, the company's liability is limited by contract to $50 for loss. So that, at the very most, $51 is the limit of any claim which he can have against us. We understand you were garnished in the sum of $81.07, the amount of the draft he paid you. Please, therefore, close the matter up with him by allowing him the sum of $51, and send us the balance less your fees. If you cannot make a settlement with him for us at substantially this basis, will you kindly hand the enclosed warehouse receipt and bill of lading to some reputable attorney and ask him to take charge of it and to correspond with us at once? Thanking you, we are,

"Yours truly,
"Bollinger & Block,
"Per Jas. W. Bollinger."

This letter reached the bank in due course, and, not succeeding in adjusting the matter, the bank turned the letter over to Eugene Cypert, an attorney at law at Searcy. No response thereto from the bank or Cypert was made until after the entry of the judgment sued on. Cypert entered his appearance in the cause, and on October 17, 1914, the return day, filed an answer in words following:

"Comes now the defendant and offers to confess judgment in the sum of $51, but as to each and every other item of account filed herewith, deny that they are indebted in any amount to plaintiff. Eugene Cypert for defendants."

Judgment was thereupon entered for the amount prayed, and the amount of money in the hands of the garnishee ordered applied thereon.

The good faith of all parties is conceded, the only issue being whether the court acquired jurisdiction over defendant. This, of course, depends on the terms of the employment of Bollinger & Block and the construction of the letter addressed by that firm to the bank. As contended by appellee, an attorney, by virtue of being retained, may not waive or accept service of process for his client. To do so, he must be specially authorized, and therein would act as agent or attorney in fact, and not because of his relation as an attorney at law. *Masterson & Hoyt v. Le Claire,* 4 Minn. 163; *Reed v. Reed,* 19 S. C. 548; *Rice v. Bennett,* (S. D.) 137 N. W. 359; *Bradley v. Welch,* 100 Mo. 258 (12 S. W. 911); *Ashcraft v. Powers,* 22 Wash. 440 (61 Pac. 161).

But there was no attempt to accept or waive the service of process, save as this may be implied from the appearance of Cypert ostensibly for defendant. To appear in court, either after or before service of process on defendant, is within the scope of an attorney's employment as such; and, where a judgment record recites that an attorney appeared for a party, it is presumed that such appearance was authorized by such party. *Wheeler v. Cox,* 56 Iowa 36; *Harshey v. Blackmarr,* 20 Iowa 161; *Uehlein v. Burk,* 119 Iowa 742; *Walsh v. Doran,* 145 Iowa 110.

The burden of proof is upon those asserting that an attorney recited in the record to have appeared, did not do so, and, as a solemn record of court is being assailed, to

do so by satisfactory evidence. See *Bond v. Epley*, 48 Iowa 600, and the cases last above cited. Ordinarily, an attorney may not delegate his authority (Weeks on Attorneys, Sec. 246) ; and, in any event, may not, by employing an attorney in a distant place, confer authority in excess of that possessed. The letter to the bank is somewhat ambiguous with reference to what the attorney at Searcy was expected to do—take charge of the settlement merely or of the case. If the bank were unable to settle, why turn the matter over to an attorney? If that were impossible, was it not intended that the attorney should take charge of the litigation pending, and do whatever was required to present the defense outlined in the letter? On the other hand, the entire letter indicates that settlement was the aim, and the inference is open that, in directing the bank to ask a reputable attorney to "take charge of it," the writer had reference to the settlement. The latter interpretation is in harmony with the terms of the employment of Bollinger & Block, and, as said, the scope of Cypert's authority could not be broader than that of the firm directing that he take charge. The record discloses that Bollinger was directed by the officer of defendant retaining him (1) to settle the case, (2) to give the matter attention, and (3) not to get into a law suit. Surely, defendant had the right to have a settlement undertaken and the firm give such matter appropriate attention without engaging in the litigation pending. This was precisely what Bollinger & Block were directed to do, and, if it may be inferred from their letter to the Bank of Searcy that the attorney engaged by it was to appear in the cause pending in court, or to have any connection therewith, save in the way of settling outside of court the claim involved, then said firm undertook to do what they were expressly directed not to do, and defendant is not bound thereby. The defendant conferred no authority on anyone to appear

in the court of Squire Harlan, and the judgment, in so far as it is personal, was without jurisdiction and void. ·The district court rightly dismissed the petition.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.