J. B. SLOAN, Appellant, v. C. N. JEPSON, Appellee.

No. 42380.

FEBRUARY 13, 1934.

Marks & Eik, for appellant.

C. N. Jepson and Gleysteen, Purdy & Harper, for appellee.

STEVENS, J.—It appears that on October 10, 1921, in an action then pending in the district court of Woodbury county, in which the Bennett Bond & Mortgage Company was plaintiff and E. C. Warburton and appellant were defendants, judgment was entered against appellant in the sum of $1,326.48. This judgment was subsequently assigned to the appellee C. N. Jepson, who was attorney for the plaintiff in that action. Henderson, Fribourg & Hatfield, a firm of attorneys then doing business in Sioux City, appeared for the defendant Sloan, appellant herein, and filed an answer for him. Subsequently, the above firm, with the consent of the court, withdrew its appearance and the judgment mentioned was entered as by default. It is the claim of appellant in this action that neither himself nor any member of his family over fourteen years of age was ever served with original notice of the commencement of the aforesaid action, and that the appearance of Henderson, Fribourg & Hatfield and the filing of an answer by them therein was wholly unauthorized and done without appellant's knowledge or consent.

Actions are commenced in this state by the service of an original notice upon the defendant by one of the methods provided by statute. Sections 11055 and 11060 of the Code of 1931. The defendant may appear by entering an appearance in the appearance docket and by announcing in open court that he appears, or by taking part, either personally or by attorney, in the trial of the case, or by filing a memorandum to that effect in the clerk's office. Section 11087, Code 1931.

Appellant was, and had been for many years, personally acquainted with Fribourg, but did not know the other members of the firm. No return of the service of an original notice was ever filed in the action. Appellee Jepson testified that it was formerly his custom to deliver original notices to other officers than the sheriff for service. Appellant, at the time judgment was entered, was a resident of Plymouth county. This witness further testified that he

well remembered seeing and inspecting the return on the original notice of the commencement of the aforesaid action which was duly verified by affidavit before the judgment was entered. It was, however, as stated, never filed in the office of the clerk of the district court. A. T. Bennett, a member of the Bennett Bond & Mortgage Company, testified that after judgment was entered, he had a conversation with appellant with reference to the issuance of the execution on the aforesaid judgment, and that in the conversation he agreed to take a renewal note for the amount due, but was informed by appellant that he was unable to either pay the judgment or give him security therefor.

According to the testimony of this witness, appellant made no claim that he did not have knowledge of the action or of the judgment. Appellant's indebtedness on which judgment was entered was as surety for his codefendant Warburton.

The burden rested upon appellant to prove the allegations of his petition. It is presumed as a matter of law that where an attorney appears for a party to an action he has authority to do so. Harshey v. Blackmarr, 20 Iowa 161, 89 Am. Dec. 520; Potter v. Parsons, 14 Iowa 286; City of Cherokee v. Railway Co., 157 Iowa 73, 137 N. W. 1053. Such presumption may, however, be overcome by clear and satisfactory proof. Walsh v. Doran, 145 Iowa 110, 123 N. W. 999; Wheeler v. Cox, 56 Iowa 36, 8 N. W. 688.

It will be observed that the judgment in the original action was entered more than ten years before this action was commenced. The delay is explained, however, to some extent at least, by the fact that a fresh attempt to collect the judgment was made by appellee in 1931. On January 6th of that year, Jepson in a letter addressed to appellant demanded payment of the judgment. Appellant, in reply, stated that he was surprised to learn that there was a judgment against him and that he desired to examine into the matter before acting. Nothing further appears to have been done until this action was commenced in February, 1931. It must, of course, be conceded that if the judgment preceded legal service of an original notice, or that Henderson, Fribourg & Hatfield were not authorized to appear for appellant, the judgment must be cancelled.

In the first place, it is difficult to conceive that the attorneys named would have appeared for appellant and filed an answer to the petition in the original action without authority to do so. The

probability that they acted with authority is strongly supported by the presumption already stated. It is equally incredible that a firm of reputable lawyers, after discovering that they had appeared in an action by mistake or without authority, would have merely withdrawn their appearance and neglected to apprise the court fully as to the reasons for such action. The judgment entered was in pursuance of the appearance by the attorneys named. Had the court been informed that counsel had appeared by mistake, it might safely be assumed that no judgment would have been entered.

In the second place, Jepson not only testified to having in his possession an original notice with proof of service upon appellant indorsed thereon, but that he had repeated conversations with Fribourg about taking judgment. The original notice, according to the testimony of this witness, must have been destroyed upon some periodical occasion when the refuse in their office is burned.

In addition to the foregoing, the testimony of Bennett to the conversations with appellant is direct and persuasive. Both Henderson and Fribourg were deceased at the time of the trial of this action.

It seems to the court that the facts and circumstances thus disclosed justify but one conclusion in this case, and that is the one reached by the trial court.

Some contention is made by appellant that the withdrawal by the attorneys of their appearance, with the permission of the court, whether originally authorized or not, deprived the court of jurisdiction. In support of this contention, counsel cited In re Estate of Coffin, 189 Iowa 862, 179 N. W. 123, and cases from other jurisdictions. The case cited supra lends no support whatever to appellant's contention. The question in the cited case arose on an application of the plaintiff to vacate an order of dismissal entered by the court after counsel for the plaintiff had withdrawn from the case, such withdrawal being without notice to, or knowledge of, their client. Obviously, the question there involved presents no analogy to the one before us. The question in this case is one of jurisdiction.

We shall not extend this opinion by a discussion of the remaining authorities cited. The case must be determined upon the facts. For the reasons already stated, the judgment must be, and it is, affirmed.—Affirmed.

CLAUSSEN, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.