Mary Jean **LONNING**, Appellant,

v.

Richard Craig **LONNING**, Appellee.

No. 55200.

Supreme Court of Iowa.

June 29, 1972.

Rehearing Denied Sept. 25, 1972.

J. R. McManus, Des Moines, for appellant.

Frank W. Davis and Berry O. Burt, Des Moines, for appellee.

REYNOLDSON, Justice.

At issue in this case is trial court's jurisdiction to modify a divorce decree, transferring custody of two small children to their father and terminating his obligation to pay child support.

These parties were divorced May 29, 1969, in Polk County District Court. The mother was awarded custody of the children and moved with them to Colorado. Visitation rights were granted the father.

On August 6, 1970, when the children were with him in Iowa, the father filed application for modification of the decree, seeking to obtain custody. An order was entered fixing September 3, 1970 as hearing date and prescribing notice by mail to the mother and to her attorney in the divorce proceeding, Charles J. Cardamon of Des Moines. A separate order entered the same day granted temporary custody to the father pending hearing and provided a copy of the order be served by mail on the mother and the above named attorney.

August 12, 1970, the mother's answer in the modification proceeding was filed by attorney Charles J. Cardamon.

On August 26, 1970, attorney Cardamon filed a "Withdrawal of Appearance" purporting to withdraw the appearance and answer earlier filed for the mother. Attached was a telegram sent to him from Colorado by the mother:

> "I have never received a notice in reference to a hearing. I have never authorized you to enter your appearance in my behalf. I have retained an attorney in the State of Colorado and I contend that Iowa has no jurisdiction. I am without funds with which to travel to Iowa."

At the September 3, 1970 hearing the mother was not represented by counsel. The father's application was granted by a modification decree dated September 11, 1970.

Some seven months later (on April 9, 1971) the mother, by other counsel who represents her here, filed in the same cause a "Special Appearance" challenging that court's jurisdiction of her and affirmatively demanding the order purporting to modify the original decree be quashed. After hearing, trial court overruled the special appearance. The mother appeals from this ruling. We affirm.

Propositions relied on for reversal relate to the alleged lack of notice to the mother, depriving her of rights under the due process and equal protection clauses of amendment 14, United States Constitution; further, she alleges attorney Cardamon was without authority to represent her in the modification proceeding.

■ It should be noted a special appearance is an inappropriate vehicle to raise the jurisdictional question following entry of judgment. Miller v. Farmers Cooperative Company, Lost Nation, 176 N.W.2d

832 (Iowa 1970); Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 292 N.W. 143 (1940). That issue is not raised here, nor is the question whether the requisite jurisdiction would have remained with the district court had attorney Cardamon obtained timely consent to withdraw the appearance and answer. Compare language in Sawyer v. Sawyer, 261 Iowa 112, 152 N.W.2d 605 (1967) and Annot., 64 A.L.R.2d 1424 (1959) with Baker v. Baker, 248 Iowa 361, 81 N.W.2d 1 (1957) and Sloan v. Jepson, 217 Iowa 1082, 252 N.W. 535 (1934).

 I. The rules which govern our consideration of this case are well established. The filing of a pleading is a general appearance. Rule 65(c), Rules of Civil Procedure. Jurisdiction of the person in a civil case may be acquired by service of notice in the manner and form prescribed by law, or by defendant's general appearance. Boyer v. Iowa High School Athletic Association, 258 Iowa 285, 138 N.W.2d 914 (1965); Emery Transportation Company v. Baker, 257 Iowa 1260, 136 N.W.2d 529 (1965); Baker v. Baker, supra. A general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court. Humboldt Livestock Auction, Inc. v. B & H Cattle Co., 261 Iowa 419, 155 N.W.2d 478 (1967); O'Connor v. Youngblade, 250 Iowa 808, 96 N.W.2d 457 (1959). He may not thereafter avoid that jurisdiction by special appearance. Gardner v. Beck, 195 Iowa 62, 189 N.W. 962 (1922); 5 Am.Jur.2d, Appearance § 16, pp. 491–92; 6 C.J.S., Appearances § 24, p. 67.

 Where an attorney appears for a party to an action it is presumed he has authority to do so. Gibbons v. Belt, 239 Iowa 961, 33 N.W.2d 374 (1948); City of Cherokee v. Illinois Cent. R. Co., 157 Iowa 73, 137 N.W. 1053 (1912). This presumption is not conclusive and may be rebutted. Dragstra v. Northwestern State Bank of Orange City, 192 N.W.2d 786 (Iowa 1971). However, it may be overcome only by clear and satisfactory proof. Sloan v. Jep-son, 217 Iowa 1082, 252 N.W. 535 (1934). The presumption in favor of authority for appearance is especially strong where, as here, validity of a judgment is at issue. Liken v. Shaffer, 64 F.Supp. 432 (N.D. Iowa 1946).

 In this case the answer filed by attorney Cardamon, if authorized, was a general appearance obviating necessity of notice and subjecting the mother personally to district court jurisdiction. The trial court found the presumption of Cardamon's authority to appear and answer was not overcome by clear and satisfactory proof. Although an appeal from a district court order overruling a timely-filed special appearance is not de novo [Johnson v. Aeroil Products Co., 255 Iowa 931, 124 N.W.2d 425 (1963)] as a matter of grace we treat this post-judgment proceeding as a motion to vacate for lack of jurisdiction. Our review is therefore de novo. Miller v. Farmers Cooperative Company, Lost Nation, 176 N.W.2d 832 (Iowa 1970).

As we have commented, notice by mail was sent to both the mother and attorney Cardamon. The testimony disclosed the mother telephoned the father from Colorado when she received the postal department notice of certified mail, held for delivery to her. He informed her of the proceedings and the substance of the notice. While she did not accept delivery of that mail she did return to Des Moines in August, before the "withdrawal" of the appearance and answer. She consulted Pastor Louis H. Valbracht of St. John's Lutheran Church in Des Moines and told him she was in Des Moines to arrange for a defense in this proceeding.

The record is also clear the mother consulted attorney Cardamon during this interval. He admitted negotiating with opposing counsel, at her request, to secure opportunities for visiting the children. Questions relating to any discussion by them of the modification proceeding were objected to as privileged communications between attorney and client. During the

same period, this attorney was arranging for the father's discovery deposition, taken on August 24, 1970, and on that date arranged with opposing counsel for another out-of-state deposition on August 31, 1970.

On the witness stand Mr. Cardamon did not deny receiving a telephone call from the mother after she returned to Colorado, with the children taken in violation of the temporary custody order. On cross-examination he was asked,

"Q. Didn't you tell Mr. Burt that what she told you was that she had hired another lawyer out in Colorado, and that she was terminating your services?"

and he responded,

"A. Well, that could well be true. That could well be true."

At another place in his testimony he conceded if this conversation ensued he would have asked her to send a telegram.

While attorney Cardamon also testified the mother had not initially employed him and he only assumed he was to represent her, he did admit receiving from her father a retainer which he never returned.

Finally, we deem it significant the mother never appeared at the hearing on her "Special Appearance" to testify she neither employed Mr. Cardamon nor acquiesced in his efforts on her behalf in the modification proceeding.

We agree with trial court the presumption of Mr. Cardamon's authority to appear for the mother is not overcome by clear and satisfactory evidence in this record. The "Special Appearance" was rightly overruled.

II. As we have concluded the mother generally appeared in the modification proceeding, it follows personal jurisdiction was obtained. Under authorities above cited, a general appearance is equivalent to personal service. Therefore propositions

relating to sufficiency of notice need not be considered.

Affirmed.

All Justices concur.